7142

## EX PARTE REMBERT.

PARENT AND CHILD.—Small children under the facts in this case given for the present to the mother, both parents being held, under proof, morally fit to have the custody of them. The father being more able, financially, to support them, but having previously given them absolutely to the mother.

Petition in the original jurisdiction of this Court by Edward E. Rembert for writ of *habeas corpus* to take his children from the possession of his wife, Christine E. Rembert, and turn them over to him.

*Messrs. Lee & Moise* for petitioners; *Messrs. Legare, Holman & Baker,* contra.

April 9, 1909. The opinion of the Court was delivered by

MR. JUSTICE JONES. The petitioner makes application in the original jurisdiction of this Court for writ of *habeas corpus* to award him as father, the custody of three infant children, alleged to be unlawfully detained from him by their mother.

The petitioner, Edward E. Rembert, is a resident of Sumter county and the children, Arthur Rembert, Andre Rembert, and Edward Rembert, aged respectively thirteen, nine and six years, are in the custody of their mother, Christine E. Rembert, wife of petitioner, now living in the city of Charleston, S. C. It is alleged that on May 26, 1908, Mrs. Rembert deserted the home of petitioner and unlawfully carried away these children and is detaining them illegally and against his wishes and that he is entitled to their custody as their father.

Mrs. Rembert, in her verified return, alleges that she left the home of her husband, the petitioner, on account of his base conduct and violence towards her and his drunkenness, that she had previously, on several occasions, left his home on this account and would return upon his solicitation only to have the same conduct repeated; that she and the children are residing in the city of Charleston, S. C., with her father and mother; that she has the children at school; that they are happy, have the best surroundings and constant protection. She further alleges that petitioner has relin-

22—82

quished to her his parental right to the children as shown by
his letter exhibited as follows:

"Rembert, S. C., April 23, 1907.

"Dear C.: I wired you children would be down tomor-
row. I do not now require that you shall stay with them.
Just do as you please with them. I turn them over to you
completely; our ideas are too totally different to raise the
same children, so it is best for one to have complete control.
This, I would have required from you had I kept them, so
I extend same to you, on the first of each month I will send
you check for $100. *This must cover everything. Now,
please understand this most positively.* Arthur can calcu-
late everything for G. and E. pocket money, clothes, etc.,
and I will make a deposit four times a year for them, with
him for G. and the president of St. Mary's for E. I hope
this will end a disagreeable correspondence; I, of course,
won't expect a reply.

"Your check will be forwarded May 1st. Hoping the
children will arrive safely and wishing you every success
and happiness, I am in haste,

            Yours affect.,                      Edward.

"P. S.—Understand the children are yours just as if I
were dead and your actions are your own; I know we are
just as separated as if you had your divorce and new hus-
band. There is no one to question your actions now.—E."

Petitioner denies that he has relinquished the custody of
his children, and with reference to this letter, admits that he
wrote the same, but alleges that it was writen as an experi-
ment and in the hope that by casting such responsibility on
respondent, he might thereby induce her to arrive at a
proper conception of her duty to the petitioner and his fam-
ily and reform her conduct after a practical experience in
establishing an independent household elsewhere.

It seems that Mrs. Rembert and the children have been at
the home of petitioner at intervals since the date of that let-

ter, but that she went away taking the children wih her, without objection on the part of petitioner.

Mrs. Rembert in her return further alleges that the probate court of Charleston county has appointed her guardian of said children, but it appears that an effort is now being made, on behalf of petitioner, to revoke such appointment for want of jurisdiction. It also appears that Mrs. Rembert, as guardian of the children, has instituted suit against Arthur G. Rembert as trustee of said children, involving an accounting for rents and profits of a valuable tract of land in Sumter county, now in the possession of petitioner under said trustee. It further appears, that on August 31, 1908, Mrs. Rembert commenced an action against petitioner for alimony and separation and that Judge Watts, upon a rule to show cause, on October 21, 1908, made his order allowing sixty dollars per month to Mrs. Rembert as alimony *pendente lite* and counsel fees, from which order an appeal has been taken to this Court.

The charge made that petitioner is morally unfit to have the custody of his children cannot be sustained upon the testimony submitted in this case. The testimony of many reputable citizens of Sumter county completely refutes any such suggestion. Nor can it be doubted that the children are the object of his love and that he is able and willing to provide for their comfort and proper training. On the other hand, it has not been shown that the mother is unfit for the custody and training of her children, and while she is scant of means, the children are devoted to her, are happy with her, are being trained in the public schools of the city of Charleston, and so far as appears, are in wholesome and comfortable surroundings in the home of their grandparents. In awarding the custody of children, the Court should exercise a wise discretion looking to the real welfare of the children as the principal consideration. *Brown* v. *Robertson,* 76 S. C., 153, 56 S. E., 786, 9 L. R. A. (N. S)., 1173, n. But in view of all the circumstances, the Court

is not prepared to say that the best welfare of the children will be promoted by taking them from the loving care of their mother. The paramount right of the father has been often recognized and enforced by this Court, and will in proper cases be recognized even as against the mother, but the father's right is not absolute, not only is it subject to the discretion of the Court exercised for the best welfare of the child, but may be affected by his own previous voluntary definite agreement as to the custody of the child. *Ex parte Reynolds,* 73 S. C., 296, 53 S. E., 490.

In this case, the letter in evidence shows in most positive terms the assent of the petitioner that respondent shall have custody of the children and separate maintenance for them. It does not appear that this arrangement has been annulled by the parties, and it cannot be ignored or capriciously disregarded by petitioner.

Having reached the conclusion that the welfare of the children does not require that they be taken from their mother, in whose custody petitioner has voluntarily placed them under circumstances looking to their separate maintenance under her control, the Court will, at least for the present, leave the children in their mother's custody.

We refrain from expressing any conclusion as to the charges respecting the conduct of petitioner towards respondent, as that matter will be more appropriately involved in the pending suit for alimony, and we wish our judgment herein not to be regarded as preventing the Circuit Court in that suit from making any proper judgment touching the custody and maintenance of the said children as may be found to be within the scope of the action and general power of the Court.

We dismiss the proceedings here, without prejudice to another application, on a different state of facts, either in the Circuit Court in the alimony suit, or in this Court after the termination of said suit.

The writ of *habeas corpus* is refused and the proceedings dismissed.