15601

KOON v. KOON *ET AL.*

(28 S. E. (2d), 89)

April, 1943.

*Mr. C. T. Graydon* and *Mr. F. Ehrlich Thompson,* both of Columbia, S. C., Counsel for Appellant,

*Mr. James A. Hutto,* of Columbia, S. C., and *Mr. Samuel Want,* of Darlington, S. C., Counsel for Respondent,

December 13, 1943.

MR. ASSOCIATE JUSTICE FISHBURNE delivered the unanimous Opinion of the Court:

The plaintiff brought this proceeding in the County Court of Richland County for the custody of her infant child, a boy four years of age. The original parties named as defendants were the child's paternal grandparents, Claude Koon, Sr., and Mrs. Ruby Koon. They defaulted, and made no appearance. By permission of the Court, the father of the child and husband of the plaintiff, Claude Koon, who resided in Florida, was permitted to intervene, and he answered and made return to a rule to show cause issued by the County Judge.

The record shows that the plaintiff was married to Claude Koon in April, 1938, at which time she was a high school girl fifteen years of age, and he was nineteen. After their marriage they resided for two and a half years with the parents of the plaintiff, Mr. and Mrs. Sanford Scruggs, who live about two miles from Columbia. The child was born at the home of her parents, and was mainly cared for by them. After its birth, the plaintiff re-entered high school, resumed her courses of study, and was graduated. Marital differences commenced between the husband · and wife within two months after marriage. Reconciliations would be effected from time to time, but the separation became permanent about February, 1943.

Some time prior to the final separation, the husband accepted a position with the United States Government as a sanitary engineer, at Tyndall Field, Florida, in a civilian capacity. He took the child with him, but finding that he had no one to adequately care for it, he brought it back within a week to Columbia, and left it with his parents. He then returned to Florida, where he has been living ever since.

In his answer and return and in his testimony, the husband asserted that it was not for the best interest of the child for it to be in the custody of its mother, and he ·demanded its custody upon the ground that he was then in a position to take care of it in Florida; and that this would be for its best welfare.

On the hearing before the County Judge, the infant was committed to the joint custody of the mother and father of Claude Koon and the mother and father of the plaintiff, Mr. and Mrs. Sanford Scruggs, with the direction that it remain in the home of each of them one-half of the time, subject to a convenient arrangement to be made by them. And in the meantime it was ordered that the child should not be removed from the State of South Carolina nor from the County of Richland without the permission of the Court.

In making this disposition of the child's custody, the Court held that it would not be for its best interest to be placed in charge of the father. The testimony showed that he was boarding with friends at or near Tyndall Field, Florida, with whom he intended to place the child; that he would be absorbed in his work practically all of the daylight hours; that he would be with the child only at night, and that during the daytime it would be cared for by persons who were strangers to it, or by hirelings.

In view of this, and because of the tender age of the child, the County Judge very correctly, in our opinion, found that it would be for the highest welfare of the infant that its custody, maintenance, and training should be turned over for the time being, or until the future should bring altered circumstances, to the paternal and maternal grandparents. The respective grandparents are fit and suitable persons, possess comfortable homes a short distance out of Columbia, near to church and school, and it is conceded that they are amply able financially to care for it. They are willing to do so, and it is shown that friendly relations exist between them.

We conclude from the order made that the County Judge was not willing, on the proofs before him, to award to the mother the custody of the child. The husband is appealing from the judgment, and not the wife. The County Judge, who has looked into the faces of all of these parties, and who has become apprised of all the conditions which can be discovered by patient, judicial examination, concluded to give the custody of the child to the grandparents, and this Court, after careful examination of the record, is satisfied with that conclusion.

Claude Koon raises the legal point that the judgment appealed from was beyond the scope of the issues raised by the pleadings. It is urged that the real controversy was and is between him and his wife with reference to the custody of the child; that the maternal grandparents were not even parties to the proceeding; that the paternal

grandparents defaulted; and that the Court erred in not awarding custody to him.

The controlling reason for committing the custody of the child to the grandparents, as shown by the order, was because this was in accord with the child's highest good. This was entirely within the power and discretion of the County Judge under the facts in this case.

The rule that obtains in this and practically all jurisdictions at the present day is, that the well-being of the child is to be regarded more than the technical legal rights of the parties, so that, following this rule, it is generally held that the child will not be delivered to the custody of either parent where it is not to its best interest. The right of the parent is not absolute and unconditional. The primary consideration for the guidance of the Court is what is best for the child itself. This is declared not only in specific terms by our statute (Sec. 8638, 1942 Code) but it has been so declared time and again by the Court. *Ex parte Schumpert,* 6 Rich., 344; *Ex parte Reed,* 19 S. C., 604; *Anderson v. Young,* 54 S. C., 388, 32 S. E., 448, 44 L. R. A., 277; *Ex parte Davidge,* 72 S. C., 16, 51 S. E., 269; *Ex parte Reynolds,* 73 S. C., 296, 53 S. E., 490; 114 Am. St. Rep., 86, 6 Ann. Cas., 936; *Ex parte Cannon,* 75 S. C., 214, 55 S. E., 325; *Ex parte Rembert,* 82 S. C., 336, 64 S. E., 150; *Ex parte Canova,* 84 S. C., 473, 65 S. E., 625, 67 S. E., 476; *Ex parte Tillman,* 84 S. C., 552, 66 S. E., 1049, 26 L. R. A. (N. S.), 781; *Graydon v. Graydon,* 150 S. C., 117, 147 S. E., 749; *Clardy v. Ford,* 203 S. C., 44, 26 S. E. (2d), 20. Also see note, Ann. Cas., 1914-A, 740, and note, 41 L. R. A. (N. S.), 564.

The fate or interest of the child will never be made to depend on what the parties may see proper to state or to evade in the complaint or answer; nor on any artificial rule of pleading. As was said in *Ex parte Davidge, supra:* "It is true, if it clearly appear that the interests of the children will be promoted by taking them from either parent and intrust-

ing them to the other, or from both parents and intrusting them to other members of the family, or even to strangers, the court will exercise its discretion, having regard to the welfare of the children."

Nor is there any merit in the contention of the appellant that the lower Court erred in holding that the infant must not be removed from Richland County unless authorized by the Court.

If the custody of the infant had been awarded to the appellant and the order prohibited its removal from Richland County, we could see some ground for the appellant's complaint, but the contrary is true. The prohibition does not affect the appellant. It is implicit in the order, although not stated in terms, that appellant and his wife will have the opportunity of visiting and seeing the infant. It was within the judicial discretion, however, of the lower Court until its further order, or until new conditions are presented to it, to see that the child remains within the jurisdiction of the Richland County Court.

We fully agree with the appellant that ordinarily, the most valuable possession of a child is the love and care of its parents, and its most sacred right, generally speaking, is the right to live under its father's roof. And we also fully concede the right of parents to the custody of their children when this can be accomplished without ruinous consequences; and that the parent's right to the love and influence of his children, and the happiness they bring to him, must also be recognized and considered along with the interest of the children. All of this was considered.

In this case, the County Judge made no finding against the personal fitness of the father. In fact, no attack was made upon his character. Under the facts, however, the lower Court properly found that it was against the well-being of this child of tender years to be uprooted from the homes of his grandparents, who from his birth have given him the ten-

derest. care, and who will continue to give him the loving kindness, sympathy, and understanding which childhood demands and should receive. A foreign environment, among strangers, can be no fit substitute if the welfare of the child is to be the Court's primary consideration.

The County Court may at any time on the application of any of the interested parties, or even on its own motion upon sufficient showing, make further disposition of the custody of this infant, if new facts and circumstances make it necessary or desirable for the child's welfare. But any such change of custody must necessarily await another day.

Judgment affirmed.

MESSRS. ASSOCIATE JUSTICES BAKER and STUKES, and CIRCUIT JUDGES WM. H. GRIMBALL and L. D. LIDE, ACTING ASSOCIATE JUSTICES, concur.