16622

POLIAKOFF v. POLIAKOFF

(70 S. E. (2d) 625)

392

Messrs. *Lyles & Lyles* and *J. Davis Kerr,* of Spartanburg, *for Appellant,* cite:

Messrs. *Whiteside & Smith* and *Moore & Stoddard,* of Spartanburg, *for Respondent,* cite:

April 30, 1952.

OXNER, Justice.

This is an action by a husband against his wife for a divorce *a vinculo matrimonii* on the ground of physical cruelty, and for the custody of their six year old son. The wife denied the charges contained in the complaint, alleged that her husband's conduct and attitude toward her became unbearable, compelling her to leave the home, and asked that she be given custody of the child and an allowance of alimony *pendente lite* and counsel fees. The case is here on appeal by the wife from an order refusing temporary alimony and suit money and awarding custody of the child to the husband during the pendency of the action.

Appellant and respondent have only one child. They were married on January 2, 1944. Shortly thereafter they moved to Spartanburg where respondent has for a number of years been engaged in the practice of law. In January, 1950, he suffered a serious heart attack which incapacitated him for some time from pursuing his profession. In May, 1951, on account of his health, the couple moved to Florida but ceased living together on July 17, 1951. There is a sharp dispute as to the cause of the separation. He alleges that she voluntarily left the home while he was in a serious physi-

cal condition. She claims that she was compelled to leave on account of his intolerable conduct and that she returned the next day to get the child but, in the meantime, respondent had surreptitiously left Florida with their son and returned to Spartanburg. It seems to be undisputed that he is now actively engaged in the practice of law in Spartanburg.

It is alleged in the complaint "that over a period of time and particularly since plaintiff suffered his first heart attack in January, 1950, the defendant has pursued a course of cruel, inhuman, abusive and brutal treatment toward the plaintiff with utter disregard for plaintiff's life and physical well being, she well knowing of his grave condition." Various acts of alleged cruelty are then enumerated. It is further alleged that "the defendant is mentally and emotionally unstable, and that she is not a fit and proper person to have the care and custody of their minor child."

Upon the verified complaint, the County Judge of Spartanburg County, on July 23, 1951, issued an order requiring appellant to show cause before him on July 30, 1951, why the custody of the child should not be awarded to respondent during the pendency of the action.

A return was duly filed by appellant. After denying the charges contained in the complaint, she alleged that they lived happily together until sometime after the birth of their son, when respondent began to assume an attitude of "distrust and verbal abusage" and thereafter on numerous occasions accused her of being mentally unbalanced and unchaste. She further alleged that her husband was not a fit and suitable person to have custody of their child. Attached to this return were two affidavits by appellant's physicians, stating that she was a fit and suitable person to have custody of the child, and a large number of affidavits to the effect that she was a considerate and dutiful mother.

In reply to the foregoing showing on the part of appellant, respondent submitted an affidavit by their servant that he was "kind and good" to his wife and child; that she "acted

downright mean" to both her husband and child on numerour occasions; and that several times appellant had whipped or slapped the child "when he didn't done nothing to deserve it." There were two affidavits by respondent's physicians as to his cardiac condition, which they stated was considerably aggravated by the tension between the parties. Respondent's brother made an affidavit in which he .stated that he visited the apartment of this couple in Florida on July 17, 1951, and found his brother in a serious physical condition, and that appellant had left, taking her clothing and other personal effects.

A hearing was had before the County Judge on August 7, 1951. He had before him the verified pleadings and the various affidavits heretofore mentioned. He also conferred informally with appellant and respondent, together and separately, and examined the little child, who indicated a desire to remain with his father. Thereafter on August 22, 1951, an order was filed refusing appellant's application for temporary alimony and counsel fees and awarding custody of the child to respondent during the pendency of the action.

We shall first determine whether the court below erred in refusing temporary alimony and suit money. Section 8 of our divorce statute, Act No. 137 of the 1949 Acts, 46 St. at L. 216, provides :

"In every action for divorce from the bonds of matrimony, the wife, whether she be plaintiff or defendant, may in her complaint or answer or by petition pray for the allowance to her of alimony and suit money, and for the allowance of such alimony and suit money *pendente lite;* and, if such claim shall appear well founded, the court shall allow a reasonable sum therefor."

It was stated in *Jeffords v. Jeffords,* 216 S. C. 451, 58 S. E. (2d) 731, 733 that the foregoing section "appears to be merely an enactment of the rule which had already crystallized in our former decisions with respect to suits for alimony." Under the rule mentioned, the wife

is regarded as the privileged suitor and in determining whether temporary alimony and counsel fees shall be allowed, it is not necessary to examine into the merits of the controversy. *Armstrong v. Armstrong,* 185 S. C. 518, 194 S. E. 640. But to entitle the wife to such relief, it is incumbent upon her to establish a *prima facie* case. *Hornsby v. Hornsby,* 187 S. C. 463, 198 S. E. 29; *Jeffords v. Jeffords, supra.*

Where the action is one for divorce and not merely for separate maintenance and support, it is generally held that if the wife applies for temporary alimony or suit money, "she must show *prima facie* that she has a probable cause for divorce· * * *, or, if she is defendant, that she has a valid defense to the action." Nelson on Divorce and Annulment, 2nd Ed., Vol. 1., Section 12.26. "There is some distinction however, accordingly as the wife complains or is complained against." *Suydam v. Suydam,* 79 N. J. E. 144, 80 A. 1057, 1058. Generally speaking, where the husband sues the wife for divorce and the only showing before the court is his verified complaint and a verified answer by the wife denying the grounds for divorce and showing that she is without funds to defend the suit or maintain herself during the pendency of the action, a *prima facie* case is made for the allowance of temporary alimony and counsel fees. *Suydam v. Suydam, supra; Holloway v. Holloway,* 214 N. C. 662, 200 S. E. 436; *Ex parte Austin,* 245 Ala. 22, 15 So (2d) 710; 27 C. J. S., Divorce, § 208(b), page 896. However, if it appears that "her denial is not made in good faith, but is merely sham and for the purpose of protracting the period during which the injured husband may be compelled to support her," application for suit money and temporary alimony will be denied. *Suydam v. Suydam, supra.*

Considering the showing before the County Judge in the light of the foregoing principles, we think there was error in denying appellant temporary alimony and counsel fees. Apparently these parties have reached

a point where they can no longer live together in harmony. It is respondent who is asking for the divorce. The charges of cruelty made by him are denied by appellant. The affidavits introduced at the hearing throw little light on this issue. Neither can much, if any, corroboration be found in the affidavits as to the respective contentions of the parties on the disputed issue of whether appellant was justified in leaving the Florida apartment. She claims that respondent abused her and repeatedly made false accusations of unchastity. If so, she was warranted in leaving the home. *Machado v. Machado,* S. C., 66 S. E. (2d) 629, and cases therein cited. Whether respondent was guilty of such conduct as to make cohabitation intolerable, thereby compelling the wife to leave, can only be determined on the trial of the case.

In reaching the foregoing conclusion, we have not overlooked the well-established rule that the allowance of temporary alimony and counsel fees is a matter largely addressed to the discretion of the trial judge, but we think in the instant case there was manifest legal error in denying such relief. We are satisfied that the county Judge did not give full consideration to the principles heretofore stated governing temporary alimony and suit money. Moreover, he apparently misconceived the nature of the issue before him and considered the case on the merits, at least, he intimated very strongly his opinion thereabout.

We next consider the question of the custody of the child. Most of the affidavits relate to this issue. Quite a number of the most prominent citizens in the city of Spartanburg, some of whom were close neighbors, attest to the good character and fitness of the mother as custodian. It should also be stated that the record does not show that the father is an unfit person to have charge of his child. While we do not know what may develope on the trial of the case, on the record before us now it is fair to assume that either the mother or the father is a proper custodian. Under all the circumstances, including the age of the child, we do not think much significance can be attached to his wishes.

In view of his tender years, we think the mother, who has been without him for approximately nine months, should be given custody, subject to the terms and conditions hereinafter stated, until there can be a trial and determination of the issue on the merits.

In *Wolfe v. Wolfe,* S. C., 68 S. E. (2d) 348, 350, the husband brought a suit against his wife for divorce on the ground of desertion and also sought custody of their two minor children, three and five years of age. His action for a divorce was sustained. On the question of the custody of the children, we found "that there is little to choose between the situation presented by the husband and that of the wife", and that nothing appeared in the record "that would impel the Court to deprive either of the parents of the custody of the children, but for their living separate and apart." Under these circumstances, it was held that due to the tender age of the children, they should remain for the present in the custody of their mother.

The question of the amount of counsel fees and temporary alimony which should be awarded to appellant, who states that she is without funds, has given us much concern, particularly in view of the meager information in the record as to respondent's net worth and the lack of information as to his earnings since he has resumed the practice of law. Due to these uncertainties, we proceed with caution: Temporary alimony is fixed at the sum of $75.00 a month and counsel fees at $100.00. It may develop at the trial of the case on the merits, which should not be delayed, that the foregoing allowances are wholly inadequate. But if appellant prevails, the court can then fix adequate compensation for her attorneys and determine a proper amount for permanent alimony.

For the reasons stated, the order appealed from is reversed, and it is ordered:

(1) That within five days after the filing of the remittitur in this case, respondent shall pay counsel for

appellant a fee of $100.00 and to appellant temporary alimony in the sum of $75.00; and that respondent shall further pay a like amount of temporary alimony on the same day of each and every month thereafter until a final decree is entered in this cause.

(2) That on or before June 1, 1952, respondent shall deliver custody of the minor child to appellant, provided appellant shall on or before said date file with the Clerk of Court of Spartanburg County a bond in the sum of $3,000-.00, with sufficient surety to be approved by the Clerk conditioned upon her complying with any and all further orders that may be issued by the courts of this state in reference to the custody of said child. The right of the mother to custody has been deferred to the above date in order to enable the child to complete the year at the school he is now attending. In the event the court below does not enter a final decree relating to the custody of said child before September 1, 1952, respondent is given leave at any time after said date to apply to the court below for the right to visit said child on such occasions and at such times as the court may deem reasonable.

The case is remanded for further proceedings in accordance with the views herein expressed.

BAKER, C. J., FISHBURNE and TAYLOR, JJ., and E. H. HENDERSON, A. A. J., concur.