16815

WILLIAMS v. ROGERS *ET AL.*

(79 S. E. (2d) 464)

*Messrs. Leppard & Leppard,* of Chesterfield, *for Appellants,*

D. Carl Cook, Esq., of Hartsville, *for Respondent,*

January 5, 1954.

OXNER, Justice.

This action was brought by a mother against her parents to obtain custody of her son, who was approximately nine years of age when these proceedings were instituted in November, 1952. The father of the child died when he was only six or seven weeks old. The mother remarried about six months later and shortly thereafter placed her son in the custody of her parents, where he remained until the commencement of this action. The cause was heard by the resident Judge of the Fourth Circuit on December 19, 1952. After taking considerable testimony, some of which was in sharp conflict, an order was filed on January 28, 1953, awarding custody of the child to the mother. The maternal grandparents have appealed.

The Court found the facts as follows:

"The plaintiff was first married to one J. T. Shaw, and they had two children, one girl and one boy, the boy being the child involved in this action. She kept the girl with her

and placed the boy with the defendants, under an arrangement whereby the defendants were to look after the child, provide it with a good home and see that it received a good education. Soon after the death of the plaintiff's first husband she married her present husband, M. H. Williams, with whom she now lives along with her daughter by her first marriage and other children of these parties. They live near Hartsville, South Carolina, and plaintiff's present husband is a retired deputy sheriff of Darlington County. He draws his retirement pay of about one hundred dollars per month, and also has other income from the rental of property, also his children send him money at regular intervals, one of his sons being Roy Williams who is a State constable working out of Columbia. The little girl plaintiff kept with her is well taken care of, is far advanced in her school work and is an ideal child. There can be no doubt about the fact that the home of the plaintiff is a good place for the child, as she and her present husband are able in every respect to properly take care of and educate this child as it should be. The home of the defendants is near McBee, in Chesterfield County, South Carolina. From the testimony of the defendant, Sallie Rogers, she and her husband the other defendant, Charlie Rogers, are on charity receiving an allowance from the County of Chesterfield, and a small amount as rent for some farm land. She also receives a monthly sum from plaintiff, which is sent to them by the plaintiff out of the check she receives as social security since the death of her first husband and as part of the funds so allotted to plaintiff as the mother of these children for their benefit. The testimony is uncontradicted that the child, J. T. L. Shaw, is not receiving the proper care and attention he should receive in the home of the defendants, his education is very poor, as he is now nine years old and is not out of the first grade and can't spell simple words. The defendants are old people and are not in any respect competent or able to take care of and look after this child as it should be, while the plaintiff is a middle aged woman, in good health and in every respect able and competent to take care of and

look after the child in question. At the time she placed the child with her parents, the defendants, they were probably at that time able to take care of and look after this child, but they are now too old to do this and the child will become more and more neglected as the years pass. From the testimony they are now supporting the child on what the plaintiff sends them from her check above referred to and what they receive from the county. There can be no question but that it will be for the best interest of this child that the custody be given to the plaintiff."

While there are other exceptions, appellants state that the sole question to be decided is what is for the best interest of the child. This is the paramount consideration in all custody proceedings. *Cutshaw v. Harvey*, 223 S. C. 276, 75 S. E. (2d) 602, and cases therein cited.

Although the question is not free from difficulty, after careful consideration of the testimony, we do not feel warranted in disturbing the conclusion reached by the Circuit Judge that it is for the best interest of the child that custody be given to the mother. He had the opportunity, not afforded us, of hearing the witnesses and observing the parties, and his order reflects painstaking consideration of all the circumstances disclosed by the evidence.

No adjudication in a matter of this kind is final. *Watson v. Watson*, 134 S. C. 147, 132 S. E. 39; *Douglass v. Merriman*, 163 S. C. 210, 161 S. E. 452. The Court may at any time on the application of any interested party, or even on its own motion upon sufficient showing, make further disposition of the custody of this child, "if new facts and circumstances make it necessary or desirable for the child's welfare." *Koon v. Koon*, 203 S. C. 556, 28 S. E. (2d) 89, 91.

Judgment affirmed.

BAKER, C. J., STUKES and TAYLOR, JJ., and G. BADGER BAKER, Acting Associate Justice, concur.