17251

FREDA PERRY HARVEY, Plaintiff-Respondent, v. FURMAN V. HARVEY, Defendant-Appellant

(96 S. E. (2d) 469)

*Messrs. Harvey & Harvey,* of Beaufort, *for Appellant,*

*Messrs. Thomas & Thomas,* of Beaufort, *for Respondent,*

January 29, 1957.

TAYLOR, Justice.

This appeal arises out of cross-actions for divorce brought in the Court of Common Pleas for Beaufort County.

Plaintiff-Respondent, Freda Perry Harvey, brought an action seeking a divorce on the grounds of physical cruelty, the custody of the four children, permanent alimony to support such children, and counsel fees. The husband, Defendant-Appellant by way of answer entered a general denial and also filed a cross-complaint seeking a divorce on the grounds of alleged desertion.

The matter was referred to a Special Referee for the purpose of taking testimony only and reporting to the Court of Common Pleas without recommendation. Thereafter, the Hearing Judge found that the parties were married in October, 1937, to which union four children were born, Furman Val Harvey, Jr. (1938), Gail Harvey (1940), Ray Lee Harvey (1943), and John Gary Harvey (1948); that the parties are living separate and apart and all of the children reside with the father, who at that time, was paying temporary alimony in the sum of $25.00 per week. He further found as a matter of fact that the Plaintiff, wife, "has failed to carry the burden of proof and has not convinced the Court by the preponderance of the evidence that her husband is guilty of physical cruelty as contemplated by the divorce law so as to justify the issuance of a divorce in her favor. A review of the testimony indicates that there is some evidence of the same, but it is not convincing when proper credence is given to the testimony and it is weighed in the light of the interest of the witnesses and in the light of their opportunity to know of which they speak." As to the Defendant-Appellant, he found "that he has failed to carry the

burden of proof and has not established by the greater weight of the evidence that his wife deserted him for a period of one year. The evidence does not support the conclusion that she left him without just cause and excuse and stayed away for the year required by the statute. It is obvious that this is a case of incompatibility caused largely by the indifference of the hubsand and the nervous disposition of the wife, the condition and attitude of each aggravating the condition and attitude of the other."

Both parties appealed from the foregoing findings; and since this is an equity case and there are no concurrent findings of fact, this Court has jurisdiction to find the facts in accord with its view of the preponderance or greater weight of the evidence, *Forester v. Forester,* 226 S. C. 311, 85 S. E. (2d) 187.

A review of the testimony convinces us that the findings of the Circuit Judge are preponderately supported by the evidence and should not be disturbed on appeal.

Defendant-Appellant, a barber of Beaufort, South Carolina, was variously estimated to be worth $35,000 to $60,000, all of which had been accumulated since the marriage in 1937, and included the war years when many men were stationed at the Parris Island Marine Base. It is undisputed that his present income is between $5,000 and $6,000 annually. After awarding custody of the children to the father, who, the evidence reveals, is providing for their needs and education, the hearing Judge ordered Defendant-Appellant to pay to the wife the sum of $40 per week for her support and maintenance. Mrs. Harvey testified that she was employed and earning $52 every two weeks, which means that under the Order appealed from she will receive $2,080 per year from her husband and $1,352 per year from her employment or $3,432 per year. If Mr. Harvey earns $6,000 per year (the estimated maximum) and pays his wife $2,080, it will leave him $3,920 or $488 more than the

wife's income to support himself, care for and educate the four children. We, therefore, are of the opinion that $25 per week, the same amount as was paid prior to the issuance of the Order, is more just and equitable and the Order appealed from should be modified in this respect.

It is, therefore, ordered that the Order appealed from be affirmed with the exception that the weekly payments from the husband to the wife for her separate maintenance and support be reduced to $25 per week. Modified.

STUKES, C. J., and OXNER and Moss, JJ.; concur.

LEGGE, J., not participating.