## 17297

LOIS WILLIAMS POWELL, Respondent, v. DWAYNE POWELL, Appellant

(98 S. E. (2d) 764)

*Messrs. Julian D. Wyatt, Felix L. Finley, Jr., and John T. Gentry,* of Pickens, *for Appellant,*

*Messrs. William G. Acker,* of Pickens, and *J. Wiley Brown,* of Greenville, *for Respondent,*

May 30, 1957.

STUKES, Chief Justice.

The respondent brought this action against appellant for divorce upon the ground of physical cruelty. Appellant answered and counterclaimed for divorce from the respondent upon the ground of her adultery. The custody of their daughter, who is now about three years old, was also an issue. The parties were each sixteen when their married.

A great deal of testimony was taken by the special referee, to whom the issues were referred, and he found against the contentions of respondent with respect to her alleged ground for divorce; and, on the contrary, that she was guilty of adultery which entitled appellant to divorce from her. He concluded further that in view of respondent's conduct and example, it would not be for the best interest of the child for her to be awarded custody of the latter. He

found that appellant, the father of the child, plans to keep it at the home of his parents which will be a suitable place for it except that the house is small, which can be remedied by appellant and that will be his duty, within his means. Appellant's father owns the home. The referee recommended that the privilege of visiting her child at reasonable times be extended to respondent.

Upon exceptions to the report it was sustained by the court except as to the custody of the child, wherein the referee was reversed and custody was awarded to respondent, except one week of each month when the child should visit appellant who was ordered to pay $12.50 per week for support of it, excluding the weeks when the child should be visiting with him.

Respondent did not appeal from the judgment that her action for divorce was dismissed and appellant granted divorce from her on the ground of her adultery. Thus she is an adjudicated adulteress. The appeal relates only to the provision of the decree with respect to the custody of the child.

The award of the custody of the child to respondent must be reversed. As found by the lower court upon the record, there is no perfect solution of the question of custody. However, appellant's moral character and personal habits are not seriously impeached by the evidence, and he was not found by the lower court to be unfit to have the custody of his child; he works and earns substantial wages, as does his father who is a well-paid foreman of long experience in a textile mill. The testimony of appellant's parents, in whose home he proposes to keep the child, is convincing that they are people of at least average respectability, who love their granddaughter and will cooperate with appellant in affectionate care of her. They are young grandparents, being in their early forties; and she is not employed outside of the home. The most of the foregoing, at least, cannot be said of the formerly divorced mother and the step-father of respondent, in whose home respondent would probably keep

the child if custody of it were awarded to her. The welfare of the child is paramount and we cannot hold that it would be best assured by confiding custody to respondent whose life has been characterized by sexual immorality. Moreover, she works and would not be able to give her child constant care.

It is usual for the custody of children of divorced parents to be awarded to the parent who is innocent of the conduct which led to the divorce. 27 C. J. S. Divorce § 309e, p. 1175: "Preference should be given to the party not at fault, and the custody of the child is usually awarded to the party who prevails in a suit for divorce * * *. In some jurisdictions * * * a divorce on the ground of adultery is a conclusive adjudication of the guilty party's unfitness to have custody." 17 Am. Jur. 518, Divorce and Separation, Sec. 683: "Other considerations being equal * * * it is usual to award custody of children to the innocent spouse."

It is unusual, but by no means unprecedented, for the custody of children of tender years to be awarded to the father rather than to the mother. 27 C. J. S., Divorce § 309c, p. 1172. Always, the controlling consideration is the welfare of the children. "This right of the mother (to the custody of children of tender years) may be recognized although she is the party in fault, *if such fault does not reflect on her moral character."* (Emphasis added.) 17 Am. Jur. 518., Sec. 683.

Our present relevant statute, which is Section 31-51 of the Code of 1952, puts the father and mother upon parity with respect to the legal right of custody of their children and further expressly provides, as all of the pertinent decisions hold, that the welfare of the children is the first consideration of the court. Ac. 27 C. J. S.. Divorce, § 308b, p. 1167. Many of our earlier authorities to the point are collected in *Koon v. Koon,* 203 S. C. 556, 28 S. E. (2d) 89.

Of similarity to the case at bar is *Clardy v. Ford,* 203 S. C. 44, 26 S. E. (2d) 20, where custody of a two-year-old boy was awarded to his paternal great-aunt, who was given

possession of the child by its father while in military service during World War II; and the court said that the custody contest was in reality between the parents of the child. The child's mother was denied custody because she was guilty of bigamy—here adultery. Likewise in *West v. West,* 208 S. C. 1, 36 S. E. (2d) 856, an unfit mother was deprived of the custody of her infant child which was awarded to the paternal grandparents of the child, although they lived in another state. *Dillon v. Dillon,* 219 S. C. 255, 64 S. E. (2d) 649, involved the custody of three children who were six, seven and nine years old, two of whom were girls. The mother was a former mental patient of criminal tendencies, but had recovered. In the interest of the children the custody of them was awarded to the father who lived in a distant state. In *Ex parte Scurry,* 114 S. C. 295, 103 S. E. 534, the custody of his children was awarded to the father rather than the mother who had been convicted of larceny. *Green v. Green,* 228 S. C. 364, 90 S. E. (2d) 253, was reversed for new trial because of the admission of incompetent evidence. The custody of the couple's child was awarded by the trial court to the father because of the finding that he was innocent and she guilty of adultery. Custody of their four young children was awarded the father despite the mother's claim in *Harvey v. Harvey,* S. C., 96 S. E. (2d) 469.

It was soundly said in *Mincey v. Mincey,* 224 S. C. 520, 80 S. E. (2d) 123, that upon the question of the custody of children, as between their estranged parents, the recommendation of a master (here special referee) is entitled to more weight because of his opportunity to observe the witnesses, while the court is confined in its consideration on appeal to the "cold" record of their testimony.

The judgment is reversed with respect to the support and custody of the child; and the custody is awarded to the father-appellant. Of course, such adjudication is not final in the face of changed circumstances which may be made the ground of future application to the

court for modification of the judgment. *Machado v. Machado*, 220 S. C. 90, 66 S. E. (2d) 629. Furthermore, respondent may presently apply to the court, upon due notice to appellant, for provision for reasonable visits to or by the child. For these purposes the case shall remain open.

Reversed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.