17594

Lloyd Kester MOORE, Appellant, v. Phillis Marilyn MOORE, Respondent

(111 S. E. (2d) 695)

Messrs. *J. Reuben Long* and *Suggs & McCutcheon,* of Conway, *for Appellant,*

*Messrs. Burroughs & Green,* of Conway, *for Respondent,*

December 15, 1959.

STUKES, Chief Justice.

This action involves the custody of the boy child of the parties, who was about two and one-half years old at the time of the judgment under appeal which was rendered on August 16, 1957. The trial court awarded the custody of the child to the mother, now respondent, and the father appealed.

The parties were married in February 1954 in Oklahoma, which was the home of respondent, where appellant, a native of this State, was on military duty. Afterward they first lived in Oklahoma for a brief period, then in Birmingham, Alabama, and finally in Georgetown and Conway, in this

State. Their married life proved to be a rocky road and in June 1956 respondent left their South Carolina home and returned to the home of her parents in Oklahoma, taking the child with her. There she instituted an action in the local court against appellant for separate maintenance and custody of the child, he being served by publication. During the pendency of the action he went to Oklahoma and, under the pretense of taking the child to a doctor and buying it clothes, surreptitiously brought it to this State and moved with it to his parents' home in Conway. He defaulted in the Oklahoma action and judgment was rendered against him for the separate support of his wife and child and for attorney's fees and costs.

Respondent then came to this State, presumably to recover possession of the child, and was promptly served with summons and complaint in this action by appellant for custody of the child upon the ground that it would be for its best interest to remain with appellant because respondent had not properly cared for the child and would not do so. Respondent's answer to the complaint denied the allegations of it and alleged abusive treatment and various other shortcomings of appellant as a husband and parent whereby award of the custody of the child to respondent was prayed. The judgment of the Oklahoma Court was also alleged by counterclaim to be binding upon the courts of this State and the enforcement of it was sought. Appellant made reply to the counterclaim whereby the allegations of it were denied and particularly the jurisdiction of the Oklahoma Court of him and the child in the action there.

Voluminous testimony was taken by the court. Relatives and neighbors of the couple in South Carolina testified, pro and con, upon the fitness of the respective parties to have custody of, and rear, the child. Neighbors of them when they lived in Birmingham attended the trial in Conway and testified in behalf of respondent and that she was a good housekeeper and mother when the couple lived there,

Review of the lengthy testimony adduced by the ■ parties is unnecessary in view of our agreement with the trial judge that the weight of it supports his conclusion that it is in the best interest of the child for the mother to have the custody. He saw the parties and witnesses and heard their testimony, which extended over several days, and was better able to judge of their credibility than this court is. *Mincey v. Mincey,* 224 S. C. 520, 80 S. E. 2d 123. He held that the decree of the Oklahoma Court was binding on the parties but he proceeded independently of it to decide the case on the merits, and said, "I have held, *supra,* that the legal rights of the mother as established by the Oklahoma decree give her custody. In additiion, a consideration of this case on its merits results in the same conclusion." We quote further from the decree:

"It is evident from a consideration of the pleadings that a decision must be made as to the rights of the parents with regard to the custody of the child. The charges and counter-charges of the two parents can hardly be reconciled. Our present relevant statute, which is Section 31-51 of the Code of 1952, puts the father and mother upon parity with respect to the legal right of custody of their children and further expressly provides, as all pertinent decisions hold, that the welfare of the children is the first consideration of the court. 27 C. J. S. 1167, Sec. 308(b) [27B C. J. S. Divorce § 308b]. Many of our earlier authorities to the point are collected in *Koon v. Koon,* 203 S. C. 556, 28 S. E. 2d 89. After hearing the testimony as adduced by the parties and after careful study of the transcript thereof, it is the opinion of the court that the mother should be granted custody of her two and one-half year old son. A child of such tender years should not be deprived of the care of its mother. *Poliakoff v. Poliakoff,* 221 S. C. 391, 70 S. E. 2d 625 (there the child was six years old). *Wolfe v. Wolfe,* 220 S. C. 437, 38 [68] S. E. (2d) 348 (two children, ages three and five years)."

The foregoing makes unnecessary any consideration by this court of the first question argued by the appellant, which

attacks the conclusion that the decree of the Oklahoma Court is binding upon him, in view of the service upon him by publication and the absence of the child from the jurisdiction when the decree wás rendered. We therefore leave the question unanswered and intimate no opinion thereabout.

By his second question appellant assails the decree under appeal as erroneous in the alleged premise of it that it was incumbent upon appellant to show that the respondent is an unfit mother. Statement to that effect is contained in the decree but, in context, it does not have the meaning attributed to it by appellant. It was followed by this conclusion: "The testimony adduced by the plaintiff falls far short of making her out to be an unfit mother. On the other hand, the testimony of her next door neighbors, people and mothers who saw her every day, and the plaintiff's own cousin, herself a mother, show that the defendant was a good housekeeper and a most attentive mother." It was repeatedly said and held in the decree that the controlling issue was the welfare of the child. The excerpt from the decree, to which appellant excepts, was in direct answer to the allegation of his complaint that, quoting from the complaint, "the defendent (respondent) is not a proper and suitable person to have the custody of their child * * *." Moreover, the observation of the court was essentially true in view of the preference given the mother in the custody of a child of tender years, which will be discussed hereinafter under the next question.

Appellant's third question is the ultimate inquiry of the proceeding, as follows: "Should the trial court have awarded custody of the minor child to the plaintiff?" Under it appellant argues the vulgarity and profanity in conversation of respondent but under the evidence there is little choice between the parties in that respect. Also argued is the fact t h a t respondent underwent an abortion several years before her marriage to appellant. She volunteered this in her direct examination when she took the stand to testify in her defense; it had not been brought

out in the evidence of appellant. She testified that she told defendant of it before their marriage; he testified in reply that he was told about two months after their marriage. (It appears that it caused no rupture between them.) There was no evidence of any sexual or other immorality of respondent after the marriage; she appears to have been a faithful wife until caused to leave their home by his conduct toward her and the child. We agree with the trial judge that the incident should not militate against respondent's right to the custody of her small child, if otherwise entitled as he found, and we affirm, her to be. Cf. *Powell v. Powell,* 231 S. C. 283, 98 S. E. (2d) 764, and cases cited.

Also argued under this question and made the subject of the sixth question is the following proffer of evidence in reply, which was excluded by the court:

"Q. Did you have a conversation with Marilyn Moore (respondent)? A. Yes, sir.

"Q. Did she admit or deny that she had corresponded with a colored serviceman? A. She admitted."

This was plainly not in reply to any evidence offered by respondent and we think that there was no error in the exclusion of it. Appellant's authorities have been examined and found to be inapplicable. This disposes of the sixth question.

Further argument under this third question relates to the home in which respondent will keep the child. It is that of her parents and appears from the testimony to be adequate and comfortable. She and her parents are employed but her unemployed sister will care for the child during the day. (Likewise appellant proposed to continue to keep the child in his parents' home.) With regard to the family of respondent who had come from Oklahoma to attend the trial, the judge said in the decree: "The court observed the defendant and the members of her family who were present in court, her father, mother, and sister. They appeared to be substantial citizens."

The custody of children of separated and contending parents usually, as here, presents a difficult and delicate problem. Ordinarily and other things being at least equal, the custody of a child so young as this will be entrusted to the mother. 17A Am. Jur. 14, Sec. 819; *Wolfe v. Wolfe, supra,* 220 S. C. 437, 68 S. E. (2d) 348; and *Poliakoff v. Poliakoff, supra,* 221 S. C. 391, 70 S. E. (2d) 625. But there are exceptions to the rule. *Powell v. Powell, supra,* 231 S. C. 283, 98 S. E. (2d) 764, and authorities there cited. Always the dominant consideration is the welfare of the child. We must answer the question, which parent, under the evidence, will probably better provide and care for the child? Upon careful review of the record we, as indicated above, conclude as did the trial judge and affirm his judgment. The court can take comfort in the tenet that a judicial award of the custody of a child is never final. *Ex parte Jeter,* 193 S. C. 278, 8 S. E. (2d) 490; *Williams v. Rogers,* 224 S. C. 425, 79 S. E. (2d) 464. Changed circumstances may authorize change of custody in the future.

It is noted that the decree under appeal awarded $50.00 per month as present support for the child and requires payment thereof by appellant to respondent through the office of the Clerk of Court. Although it was held that respondent was justified in leaving the home of appellant, there was no award of alimony or separate support to her, because of her employment and the assistance of her by her family. Again, as with respect to custody of the child, the foregoing is subject to review by the court by reason of changed conditions being made to appear to it upon proper application and due notice and hearing.

The remaining questions on appeal are the fourth and fifth, as follows, which may be considered together:

"Should the trial court have required of the defendant proper bond or security before permitting removal of the minor child from the boundaries of the State?"

"Should the trial judge have completely deprived the plaintiff of the sociely and the right to see his child?"

Apparently the lower court did not consider the propriety of providing for visitation by and between the appellant and his child, or the propriety of requiring respondent to file a bond to secure her compliance with any order thereabout or with any future order of the court relating to the custody of the child, The case will be remanded to the trial court with leave to appellant to apply thereto on motion for such relief of that nature as he may consider himself to be entitled. Difficulty will attend the determination of the question of visitation because of the youth of the child and the great distance which separates the parties. However, it is noted that appellant is a member of the Air National Guard and is thereby better enabled to make long trips. For cases involving even greater geographic separation of the custodian of children from the other parent see *Dillon v. Dillon,* 219 S. C. 255, 64 S. E. (2d) 649, and *Dobson v. Atkinson,* 232 S. C. 12, 100 S. E. (2d) 531.

Appellant cites as requiring bond of respondent: *Graydon v. Graydon,* 150 S. C. 117, 147 S. E. 749; *Dobson v. Atkinson,* 232 S. C. 12, 100 S. E. (2d) 531; *West v. West,* 208 S. C. 1, 36 S. E. (2d) 856; and *Poliakoff v. Poliakoff, supra,* 221 S. C. 391, 70 S. E. (2d) 625. However, the matter is within the discretion of the court. *Watkins v. Rose,* 115 S. C. 370, 105 S. E. 738. In that case custody of a six year old child was awarded to a great-aunt in another State and question of the requirement of bond of her was discussed. In the opinion of the court by Mr. Justice Hydrick it was said:

"The power of the court is paramount to that of the parent. The power of the court to do what is best for the child includes the power to send or permit him to be taken beyond the state. To deny that power is to deny the power of the court to do what is best for the child. It may be better in most cases to require a bond for the return of the child, on proper occasion and demand, as was done in *Ex parte Martin* [2 Hill Eq. 71]. But that must be left to the discretion of the court. To make the requirement absolute might prevent

the court's doing that which is best for the child, for the chosen custodian, being a stranger here, or having no property, might be unable to give a bond. Besides, in this case, the child was only temporarily within the jurisdiction."

Affirmed and remanded.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.