## 18951

Ex parte Ellis E. PULLEN, Petitioner-Respondent, v. Hazel I. PUL-
LEN, Respondent-Appellant, In re Hazel I. PULLEN, Plaintiff,
v. Ellis E. PULLEN, Defendant.

(169 S. E. (2d) 376)

*Messrs. N. Welch Morrissette, Jr.,* and *Marchant &
Bates,* of Columbia, *for Respondent-Appellant,*

*Messrs. Frank L. Taylor* and *D. M. Winter, Jr.*, of Columbia, *for Petitioner-Respondent,*

August 18, 1969.

LITTLEJOHN, Justice.

Hazel I. Pullen, the appellant, hereinafter called the mother, and Ellis E. Pullen, the respondent, hereinafter called the father, were married on May 12, 1956, and of this marriage two children were born, to wit: Anita Pullen, in 1959, and Ellis E. Pullen, Jr., in 1962. This appeal results from an order of the court changing previously ordered custody from the mother to the father.

The parties while still married entered into a support agreement on December 11, 1965, under which the mother was to have custody of the children, and the father was to have visitation rights. On June 2, 1966, the mother instituted a divorce action in the Richland County Court on the ground of desertion, and the court issued its decree on September 2, 1966, granting a divorce and incorporating the support and custody agreement.

Approximately one month after the divorce was granted, the father married his secretary. During the summer visitation of the children with the father in 1967, a petition was brought by him to have permanent custody taken from the mother. After a lengthy hearing the court issued an oral order, since confirmed *nunc pro tunc* in writing on August 27, 1968, refusing to transfer custody to the father.

During the next annual summer visitation (1968) of the children with the father he again brought a petition to change the custody of the children from the mother to him. This proceeding was brought in the same court that handled the divorce case in 1966 and the first change of custody petition in 1967. The Honorable John Mason handled the previous matters; this petition came before the Honorable Legare Bates.

The father alleges that the mother moved to Washington, D. C., where she works and is consequently unable to care for the children during the day, that the children wish to live with the father, and also that the mother is not a fit and proper person to continue to have custody of the minor children.

The mother denies the allegations and counterclaims that the father has moved to Chicago, Illinois, that there is no change in the status of the parties, that she is a fit and proper person to have custody of the children, and concludes by asking the court to award her $700.00 per month as child support so she can stop working and stay with the children in compliance with the wishes of the father.

The case was referred to a master and a hearing was held in which there was extensive testimony by the parties and witnesses. The master filed his report on August 28, 1968, in which he found that there was no evidence that the mother was an unfit mother, but in fact found that she was a devoted mother who was entirely capable of caring for the children, both physically and morally. He found that the best interests of the children would be served by the

mother's retaining custody. The visitation rights, however, were made more favorable to the father. He further concluded that the father should pay $175.00 as attorney's fees to the mother's attorney.

From the master's report both the mother and father filed exceptions before Judge Bates of the county court. By these exceptions the father contended that the master should have recommended that custody be changed to him; the mother by her exceptions contended that increased visitation rights should not have been allowed to the father and that the support money should have been increased to $700.00 per month.

By his order dated November 1, 1968, Judge Bates rejected the master's report in its entirety. He awarded custody of the minor children to the father with visitation rights to the mother at all reasonable times and places, and in the summer from the 15th of June until the 15th of August. He further ordered that the exceptions of the mother be overruled.

The case is here on appeal from this order.

This action is one in equity. The master found that it was to the best interest of the children that custody remain with the mother. The county judge, however, took a different view of the evidence and held that custody should be in the father. Because of this conflict this court will make an independent determination of the question. *Ex parte Atkinson,* 238 S. C. 521, 121 S. E. (2d) 4 (1961).

This court has held in numerous cases that in a custody dispute the controlling question and the dominant consideration is the welfare of the children, and what is for their best interest. *Ford v. Ford,* 242 S. C. 344, 130 S. E. (2d) 916 (1963) ; *Koon v. Koon,* 203 S. C. 556, 28 S. E. (2d) 89 (1943). That the welfare of the children is the primary consideration for the court is also recognized in Sections 20-115 and 31-51 of the 1962 Code.

The parties prior to their divorce entered into a support and custody agreement. This agreement was made a part of the court's order in the divorce decree. The general law on agreements as to custody of children in post-divorce disputes is as follows:

"[A] final decree awarding the custody of a child in a divorce case, based on an agreement of the parties, is conclusive as between them if no change of circumstances affecting the welfare of the child is shown. 24 Am. Jur. (2d) Divorce and Separation § 825 (1966).

The mother in Exception No. 6 to the order of Judge Bates contends that there has been no change of circumstances since the last litigation and order of the court.

When the father first brought action to have the custody changed in 1967, his grounds were that the mother had moved to Washington, D. C., where she worked and was thus unable to care for the children during the day. It was also alleged that the children had indicated a wish to live with the father. Judge Mason, however, in leaving the children in the permanent custody of the mother, noted that the support agreement contemplated the move of the mother to Washington, D. C., so this was held no basis for a change. It was also found that the children were left in the hands of competent personnel during the day. The desire of the children to live with the father was found to be subordinated by the fact that our courts feel that in a situation in which the mother is found to be a fit and proper person and the children are of "tender years," it is in the best interest of the children to be in the custody of their natural mother.

Upon instituting this 1968 proceeding, the father once again based his petition on the proposition that the mother had moved to Washington, D. C., and was away from the children during the day because of her work, and also that the children desired to live with the father. But, in addition to the above grounds, the father alleged that the mother was not a fit and proper person to care for the children.

At first blush it seems that a new element has entered the action. We have held that changed circumstances may authorize a change of custody. *Porter v. Porter,* 246 S. C. 332, 143 S. E. (2d) 619 (1965); *Moore v. Moore,* 235 S. C. 386, 111 S. E. (2d) 695 (1959). This rule has been stated in 27B C. J. S. Divorce § 317(1) to be the general one, and is set forth as follows:

"The general rule is that the divorce court may modify or revise its decree or order as to custody *as changed circumstances or conditions may require or justify.*" (Emphasis added.)

To get the change of custody, however, there must be a showing of "new facts and circumstances." *Koon v. Koon,* 203 S. C. 556, 28 S. E. (2d) 89, 91 (1943), cited with approval in *Williams v. Rogers,* 224 S. C. 425, 79 S. E. (2d) 464 (1954), which was cited with approval in *Ex parte Atkinson,* 238 S. C. 521, 121 S. E. (2d) 4 (1961).

The difficulty is not in the recognition of the principle that a change of circumstances is required, but in the application of this rule to a particular case. In making this determination there must be an evaluation of the evidence to see if the facts are different.

The allegation that the mother is not a fit and proper person to have custody of the children is new in the 1968 petition now before us. This is a conclusion drawn by the father. The facts, however, in the 1967 hearing are not basically different from the facts in the 1968 hearing. There is in actuality no evidence of new circumstances which would warrant a change of custody.

Evidence of the mother's relationship with a married man was gone into extensively at the 1967 hearing, but the judge in his order found that the mother was a "fit and proper person to continue to have the custody and control of the said minor children." The testimony at the hearing in 1968 is not substantially different. Certainly nothing new before the court requires a change of custody. Assuming without

deciding that this relationship is not the ideal one, the mother and the man concerned both testified that there has been a decrease in the time spent together and a lessening of the intensity of the relationship. The only testimony *contra* to this is to the effect that they have been seeing each other with about the same frequency. This, however, is not such as to constitute a change of circumstances.

We conclude that the trial judge was in error in changing permanent custody from the mother to the father. We adopt as the directive of this court the recommendation of the master that the father be allowed an extended summer-month's visitation from June 15 to August 15 in addition to other reasonable times and a portion of the Christmas holiday season. We further agree that the father should pay $175.00 as attorney's fee for the mother's attorney. The exception alleging error in failing to increase support payments for the children to $700.00 per month is overruled. The original order of the county court dated September 2, 1966, shall remain in effect except as herein amended.

Reversed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.