19564

John W. PEAY, Respondent, v. Brenda L. PEAY, Appellant

(194 S. E. (2d) 392)

*Messrs. McDow & Wald,* of Rock Hill, *for Appellant,*

*Samuel B. Mendenhall Esq.,* of Rock Hill, *for Respondent,*

February 8, 1973.

LITTLEJOHN, Justice:

The respondent, father, brought this action in the Family Court of York County against the appellant, mother, seeking custody of their five-year-old son. The judge granted custody to the father. The mother appeals.

On this appeal we must determine whether the judge correctly found that the best interest of the child is served by granting custody to the father. This action is one in equity and was tried by the judge without a reference. Therefore, this Court will review the entire record for the purpose of determining the facts in accordance with our own view of whether the evidence preponderates to the effect that the best interest of the child is served by the decision made by the lower court. *Moorehead v. Scott,* S. C., 193 S. E. (2d) 510 (filed Dec. 13, 1972).

This couple was married in 1965. It is beyond dispute that considerable difficulties have existed since that time in their marital life. The judge has not found that either parent is an unfit person to have custody of the child and we will not so find on the basis of the record before us.

On June 30, 1971, the mother and father entered into an agreement which gave to the father custody and control of the child. Since that time, the child has been returned to the mother under disputed circumstances.

The record reflects that the mother has been keeping company with a man other than her husband under circumstances described by counsel as "reasonably discreet" and for a limited period of time. The evidence is susceptible of the inference that the father experiences fits of temper and has been at times less than fully considerate of the mother.

Both parties live in York County. The mother commutes to a job in Charlotte, North Carolina. The father is em-

ployed at a local plant and works on rotating shifts. Certainly, neither parent is ideally situated to care for the child. It would appear that the judge selected the father for custody as being the more desirable of two difficult choices.

It would serve no good purpose to further detail the many incidents which have caused the separation of this couple.

This Court has held in numerous cases that the welfare of the child and what is in his best interest is the primary, paramount and controlling consideration of the Court in all child custody controversies. *Koon v. Koon*, 203 S. C. 556, 28 S. E. (2d) 89 (1943) ; *Powell v. Powell*, 231 S. C. 283, 98 S. E. (2d) 764 (1957) ; *Pullen v. Pullen*, 253 S. C. 123, 169 S. E. (2d) 376 (1969). In many cases, this Court has applied what we refer to as the tender years doctrine, under which the Court has often times found that children of tender years should be with the mother instead of the father. It is not always controlling. *Ford v. Ford,* 242 S. C. 344, 130 S. E. (2d) 916 (1963). We have given consideration to it and conclude it should not be applied in this case.

In cases of this type, the trial judge, who sees the witnesses, and who must nurse the case over the years in case of additional conflicts, should be given a broad discretion. We cannot say that he erred in reaching the conclusion that the evidence preponderates in favor of the father.

The facts in this case are close, as were the facts in the case of *Mincey v. Mincey,* 224 S. C. 520, 80 S. E. (2d) 123 (1954). In that child custody case, the Court was concerned with but did not feel justified in reversing the lower court. Inasmuch as the case was borderline, this Court said to the litigants and to the lower court:

"If the procedure now approved should be inimical to their interest, application may be made to the Court for any necessary change."

At the time the record before us was made up in the family court, the father had not had an opportunity to demonstrate for any considerable period of time his ability to properly care for the child. The trial judge was required to make his determination on the basis of such facts as were presented to him. Notwithstanding our rule that custody will not be changed without a showing of a change of conditions, to which rule we adhere, the lower court may upon application determine if the best interest of the child is being served.

On this appeal, the mother contends that the judge of the family court ignored Rule 13 of that court, which reads as follows: "The orders and decrees of the court shall set forth the salient facts upon which the order is granted." This rule should always be observed and we have, in *Powell v. Powell*, 256 S. C. 111, 181 S. E. (2d) 13 (1971), remanded the case because of failure to comply. Although the order now under review might have been more full, we cannot say that it does not meet minimal compliance. Accordingly, the question is decided adversely to the mother.

On this appeal, the mother also submits that the lower court erred in taking judicial notice of certain facts concerning the honeymoon period and refusing counsel the right to cross-examine. The extent of cross-examination is largely a matter of discretion for the trial judge. After a review of the ruling involved, we cannot say that he abused his discretion.

The exceptions are without merit and the judgment of the lower court is accordingly

Affirmed.

Moss, C. J., and LEWIS, J., concur.

BUSSEY and BRAILSFORD, JJ., dissent.

BUSSEY, Justice (dissenting):

Even assuming that the order of the lower court meets minimal compliance with Family Court Rule 13, failure to

fully comply has rendered appellate review unnecessarily difficult. The order does contain certain findings of fact, not all of which are both material and supported by any substantial evidence, but fails to show upon which asserted facts the ultimate conclusion of the court is based.

It is at least questionable to me whether this Court should attempt a decision of this appeal as opposed to remanding the cause for further proceedings, but if a decision is to be reached, the lower court should be reversed, rather than affirmed. The record clearly shows that neither of the parties is without substantial fault in bring about the material disruption, but neither has been adjudged to be an unfit parent. The father has not demonstrated his ability to properly care for the needs of this small child under his existing circumstances and the record does not even show how he proposes to do so. On the other hand, the mother has clearly demonstrated her ability to do so. In brief, on the record before us, it is my view that the evidence clearly preponderates in favor of the conclusion that the best interest of this small child would have been best served by awarding the custody to the mother.

BRAILSFORD, J., concurs.