19850

Elaine Marie Connicelli SHULL, Respondent, v. James Woody SHULL, Appellant

(206 S. E. (2d) 871)

588

*Daniel A. Speights, Esq.,* of *Glenn, Porter and Sullivan,* Columbia, *for Appellant,*

*Dallas D. Ball, Esq.,* of Columbia, *for Respondent,*

*Daniel A. Speights, Esq.,* of *Glenn, Porter and Sullivan,* Columbia, *for Appellant,* in Reply.

July 3, 1974.

Moss, Chief Justice:

This action was instituted by Elaine Marie Connicelli Shull, the respondent herein, against James Woody Shull, the appellant herein, in the Family Court of Lexington

County, South Carolina. The complaint, *inter alia,* sought child custody and support for them and such other and further relief as the court deemed just and proper.

A hearing in this case was convened on January 10, 1974, before the Honorable William F. Rogers, Jr., Family Court Judge. Although the appellant was not represented by counsel and filed no responsive pleadings, he personally appeared at the hearing and contested the matter of support for the children.

It is agreed that on January 14, 1974, the trial judge, without any findings of fact or conclusions of law, awarded the respondent the custody and control of the minor children of the parties and $120.00 plus 3 per cent handling fee, to be paid on the first and fifteenth of each month, commencing on January 15, 1974, for child support. The order grants further relief with which we are not here concerned. Proper notice of intention to appeal was served.

The appellant asserts that the trial judge of the Family Court, erred in holding that he should pay $240.00 per month to the respondent as child support, the error being that the Court's order failed to set forth any findings of fact on which the award was based.

It is provided in Rule 13 of the Rules of Practice and Procedure in the Family Court that "the orders and decrees of the court shall set forth the salient facts upon which the order is granted." This rule should always be observed. *Peay v. Peay,* 260 S. C. 108, 194 S. E. (2d) 392.

The basic issue in this appeal concerns the amount awarded for child support. This must be determined by the reasonable requirements of the children and the ability of the appellant to pay. Admittedly, the order of the trial judge made no finding of fact showing any basis for the amount awarded. Because of the lack of any findings of fact by the lower court, we have no proper basis for appellate review. We think that a reversal and remand of this

case is necessary for a proper determination of the issue as to the amount that should be awarded for child support.

Reversed and remanded.

LEWIS, BUSSEY, and LITTLEJOHN, JJ., and E. HARRY AGNEW, A. A. J., concur.