## 19969

LeRoy DRIGGERS and Kahtleen Driggers, Respondents, v. Bobby G. HAYES and Italeen D. Hayes, Appellants

(212 S. E. (2d) 579)

*George M. Stuckey, Jr., Esq.,* of Bishopville, *for Appellant.*

*Jacob H. Jennings, Esq.,* of *Jennings & Jennings,* Bishopville, *for Respondent.*

March 10, 1975.

NESS, Justice.

The sole issue in this action arises out of a controversy between appellants, as parents, and respondents, the maternal grandparents, over the custody of an eleven (11) year old child.

It is agreed by all parties that they are only interested in what is best for the well-being of the child involved.

The testimony establishes that the minor child has lived in the home of the respondents all her life except three (3) months in early 1966. The appellants moved out of respondent's home in 1966 and took one child with them leaving this child and since that time this child has lived entirely with the respondents. They have apparently been good to her and have assumed all responsibility and control of her and have for nine (9) years provided a nice orderly home where she receives love and religious training.

We held in *Koon v. Koon,* 203 S. C. 556, 560, 28 S. E. (2d) 89, 90 (1943), that:

"The rule that obtains in this and practically all jurisdictions at the present day is, that the well-being of the child is to be regarded more than the technical legal rights of the parties, so that, following this rule, it is generally held that the child will not be delivered to the custody of either parent where it is not to its best interest. The right of the parent is not absolute and unconditional. The primray consideration for the guidance of the Court is what is best for the child itself. This is declared not only in specific terms by our statute (Sec. 8638, 1942 Code) but it has been so declared time and again by the Court."

We also held in *Cutshaw v. Harvey,* 223 S. C. 276, 280, 75 S. E. (2d) 602 (1953) and *Williams v. Rogers,* 224 S. C. 425, 428, 79 S. E. (2d) 464 (1954), that "the paramount consideration is the welfare and best interests of the children."

The Master and the Trial Judge found that it was to the best interest of the child that her custody be retained by the respondents. The record amply sustains these findings. We concur.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.