14593

ARMSTRONG v. ARMSTRONG

(194 S. E., 640)

*Mr. Shepard K. Nash,* for appellant, cites:

*Mr. L. D. Jennings,* for respondent, cites:

January 3, 1938.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

This action was brought by the plaintiff against the defendant, her husband, for permanent alimony. On August 28, 1937, the Circuit Court passed an order requiring the defendant to pay to the plaintiff $50.00 per month as temporary alimony during the continuance of the suit, and the sum of $200.00 as reasonable counsel fees.

The defendant has appealed, and raises one issue only for our determination: Was there an abuse of discretion on the part of the lower Court in awarding temporary alimony and suit fees, where it is uncontradicted that the wife has an adequate income from her own earnings?

The matter was heard below upon the verified complaint, the answer and return, and affidavits. The case has yet, of course, to be heard upon its merits.

The plaintiff and the defendant have no children, so that the suit involves only the right of the wife to support and maintenance for herself during the pendency of the cause, and for a proper allowance for counsel fees to prosecute her action.

It appears from the showing made before the Circuit Judge that the plaintiff and the defendant were married on June 26, 1927; that she has been continuously employed since her marriage, in a secretarial position, and is now earning a little more than $1,300.00 per annum. That she expects to continue working is not contested or denied. The plaintiff and the defendant resided with the plaintiff's mother in the City of Sumter from the date of their marriage until about August 14, 1937, when the record shows that he left his wife, refused to return to the residence where the parties had been living, and has refused to contribute to her support.

The question to be determined is, whether under the circumstances, the lower Court was right in allowing alimony *pendente lite,* and counsel fees.

The right of the wife in a proper case to temporary alimony and suit money was passed upon by our Court for the first time in the well-considered case of *Smith v. Smith,* 1897, 51 S. C., 379, 29 S. E., 227, where the right was sustained and upheld. This salutary principle has been consistently and uniformly recognized and enforced in many subsequent cases.

In *Smith v. Smith, supra,* the rule was announced that in an action for permanent alimony, the wife is entitled, upon a proper showing made, during the pendency of the suit, to an allowance for her support and maintenance, for costs and expenses and counsel fees to enable her to prosecute her action, if she is without separate means, and the husband is able to support her, whether she be libelant or respondent. It was further held in that case that although temporary alimony should be allowed without an examination into the merits of the case, yet a *prima facie* case must be shown

in behalf of the wife, and that temporary alimony may be increased or diminished as circumstances may require, at any time during the pendency of the suit. These principles are universally recognized.

The authorities generally hold that the wife is a privileged suitor in cases of this character, as she should be, and if she is without an income competent for her support and the maintenance of her suit, living separated from her husband, where he refuses to furnish it, the Court will allow her alimony *pendente lite* to carry on her suit without making any investigation as to the merits.

While this is true, it is equally well established that when the wife has sufficient means of her own for her support and maintenance, according to her station in life, and to enable her to prosecute or defend her suit, the husband will not be compelled to pay temporary alimony and counsel fees. See valuable note on this subject in 15 A. L. R., 781.

There is practically no difference between the authorities on the subject. It appears that the question has never heretofore been specifically presented to our Court for determination, but we are in accord with the general rule hereinabove stated. An allowance for temporary alimony is to be determined, not alone by the husband's means, but by the wife's necessities, and ordinarily temporary alimony will not be granted unless it appears that the wife needs support during the trial of the action. 19 C. J., § 517, p. 214.

Not only will a wife's income, derived from separate property, be taken into account in alloting alimony *pendente lite,* but an income of which she is in the actual enjoyment, although earned by herself, will also be considered. The question of main importance to be determined upon an application for temporary alimony is whether the wife has sufficient means of her own for her reasonable needs. *Brown v. Brown,* 22 Mich., 242; *Hoff-*

*man v. Hoffman,* 30 N. Y., Super. Ct., 474; *Schireman v. Schireman,* 7 Pa. Co. Ct. R., 110.

The reason for this rule of the law is summed up in 1 R. C. L., 894, where it is said: "As the purpose of temporary alimony is to provide maintenance for the wife during the pendency of the suit, the reason for making her a temporary allowance for such purpose does not exist when the income of her separate estate is sufficient; accordingly, a temporary award will not be made unless it is shown that she is without sufficient means."

See, also, 2 Bishop, Mar. and Div., § 965.

It is argued on behalf of the respondent, who owns no separate estate in the sense of property or investments, that even though she is earning in excess of $1,300.00 per annum, this fact does not excuse the husband from his legal duty to support her. The lower Court took the view that the earnings of the respondent should not be considered in the determination of the question; but in our opinion, this holding is not sustained by the authorities. On a motion for temporary alimony, the question to be considered is, whether the wife has sufficient means for her separate maintenance, and it makes little difference whether the income is from investments or from the wife's own earnings. Doubtless in the earlier cases when women were practically unknown in business life, the Courts, in using the expression "income from her separate estate," had in mind the income of the wife derived from real estate or from money invested. But it would not be reasonable, or in keeping with the trend of our modern civilization, to confine the meaning of the term "income" within such a narrow compass.

In our day and time women in increasingly large numbers have entered the business and commercial world, and frequently through their earning ability make larger incomes than men. In the decision of this question, therefore, it would seem to be unimportant from what source the in-

come is derived, provided it is sufficient for the wife's separate support and maintenance.

We think, under the circumstances here, that the ▮ Court erred in allowing temporary alimony, in view of the admitted annual earnings of the respondent, but this holding is of course without prejudice to the right of the plaintiff to make an application to the Circuit Court at any time before the cause is determined upon its merits, for alimony *pendente lite,* founded upon any adverse change in her circumstances which may develop.

We are satisfied, however, that the plaintiff is entitled to the reasonable counsel fees allowed by the Circuit Court to prosecute her case, as in our opinion her income is not sufficient both for her own maintenance and for the payment of such fees.

The judgment below, in accordance with the views herein expressed, is reversed as to the allowance of temporary alimony, and affirmed as to counsel fees.

MR. CHIEF JUSTICE STABLER, and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate on account of illness.