16858

## SIMONDS v. SIMONDS
(81 S. E. (2d) 344)

*Messrs. Buist & Buist,* and *Thomas P. Bussey,* of Charleston, *for Appellant,*

*Messrs. Sinkler, Gibbs & Simons,* and *Stoney & Crosland,* of Charleston, *for Respondent,*

April 12, 1954.

STUKES, Justice.

Appellant and respondent are husband and wife, having been married in 1930. They have an adult, gainfully employed daughter who lives with her mother at the family residence. There are also two minor sons, the older of whom, eighteen, is a freshman at Yale University, and the younger, who is fifteen, is a student at a preparatory school in Maryland. It is alleged in the complaint that the sons live with their mother during their vacations from school, which is at least partially controverted by the appellant. However, the matter of the support of the children is not directly involved in the appeal; the amount expended upon it by their father, the appellant, is a consideration, and will be adverted to again.

The action is for divorce and related relief, upon the ground of habitual drunkenness, Sec. 20-101(4), Code of 1952, which appellant denies now exists. There was served with the summons and complaint on December 7, 1953, a notice of motion for temporary alimony, which was heard by the Circuit Judge at chambers on December 12, 1953. There were no papers in support of the motion except respondent's verified complaint which, however, was not a fatal deficiency, *Knight v. Knight,* 211 S. C.

25, 43 S. E. (2d) 610, albeit the burden of proof was upon her, 17 Am. Jur. 440, Sec. 547, privileged suitor though she is, *Armstrong v. Armstrong,* 185 S. C. 518, 194 S. E. 640. In opposition there was a lengthy return by appellant and an affidavit by the accountant who prepared his and his wife's joint Federal income tax return for the year 1952; and an affidavit by a bank official under whom appellant is employed as a bookkeeper. On the date of the hearing upon the motion the court ordered appellant to pay temporary alimony to respondent at the rate of $600.00 per month during the pendency of the action, or until the amount should be modified.

The exceptions to the order have been argued by appellant as raising three questions: Was it error to order the payment of temporary alimony? Was the amount awarded excessive? And, was it error for the court to proceed upon the contention and assumption that the payments of temporary alimony would be deductible by the appellant and taxable to the respondent for income tax purposes?

Respondent denies the availability to appellant of the last stated question and contends that there is nothing in the record to indicate that the Federal income tax status of either party influenced the court. Respondent is in error in this contention. The agreed transcript of record for appeal contains the following in the statement: "Among the oral arguments advanced by counsel for the plaintiff was a contention that any amount which the court might award the plaintiff by way of temporary alimony would be deductible by the defendant and taxable to the plaintiff for income tax purposes." It appears to be agreed in the briefs that respondent's counsel were mistaken in their quoted contention and that payments of alimony *pendente lite* by appellant would not be deductible by him for income tax purposes and that they would be tax-exempt income to respondent. *Wick v. Commissioner of Internal Revenue,* 7 T. C. 723, 161 F. (2d) 732, 26 U. S. C. A. § 22 (k), provides that payments of alimony shall be included in the taxable income

of the wife, quoting, "who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance"; which contemplates a "permanent" decree, and not temporary alimony payments *pendente lite*.

The order under appeal does not disclose the influence, if any, of the effect of the tax status of the parties, which we think should have been a proper consideration in arriving at the amount of alimony. Income taxes are so substantial in amount and proportion of one's income that they cannot, in reason and fairness, be left out of account in determining income in such a case as this. In the divorce case of *Bennett v. Bennett,* 1951, 197 Md. 408, 79 A. (2d) 513, 29 A. L. R. (2d) 467, in fixing counsel fees the court stated that the husband's salary was $8,000.00 net after deduction of taxes, $6,600.00; and referred to the latter figure as his "net salary."

The right of a wife-litigant to alimony pending divorce proceedings is expressly vouchsafed to her by Sec. 20-112 of the Code, the last sentence of which is: "If such claim shall appear well founded the court shall allow a reasonable sum therefor." We held in *Jeffords v. Jeffords,* 216 S. C. 451 58 S. E. (2d) 731, that the statute appears to be merely an enactment of the rules of our former decisions with respect to suits for alimony. The allowance of such *pendente lite* is within the discretion of the court when the wife establishes a *prima facie* right thereto, which is subject to review and reversal on appeal. *Raymon v. Raymon,* 113 S. C. 128, 101 S. E. 566; *Armstrong v. Armstrong, supra.* We need not cite other of our decisions to show that it was not an abuse of discretion to allow alimony *pendente lite* under the facts of this case, which latter will be further stated hereinafter; the governing general principles may also be found in 17 Am. Jur. 431 *et seq.,* Secs. 530 *et seq.,* Divorce and Separation, Temporary Alimony. This answers appellant's first question adversely to him.

Whether the amount was excessive and, if so, to the extent that the order should be held to constitute an abuse of discretion, which is the second question, will not be now answered. It may be that it was fixed in as large an amount as it was for lack of the knowledge that it would be income tax-free to the respondent; the record does not disclose whether it was, whence the necessity of modification of the order and remand for rehearing.

There was no traverse of appellant's return to the motion, the relevant allegations of which will therefore be accepted as true; and it and the supporting affidavits appear to contain a full disclosure of appellant's income. In 1952 he had a total income of about $30,000.00, nearly all from investments, of which he paid about $10,000.00 in taxes. He is paying the school and college expenses of his sons which amount to about $5,000.00 annually; to his adult, employed, and not dependent, daughter he is paying $50.00 per month. At present he is voluntarily paying for the support of his estranged wife, respondent, at the rate of $400.00 per month which, incidentally, is not a defense here. 17 Am. Jur. 441, Sec. 551. It is tax-free to her. This leaves of his income about $9,000.00. The prayer of the complaint includes the compensation of respondent's attorneys; and appellant will, of course, have to pay his counsel.

Respondent is possessed of a separate estate that yields an annual income to her of about $2,500.00, which is a factor for consideration. 17 Am. Jur. 439, Sec. 545. Annotation, 10 A. L. R. (2d) 529, X; *Armstrong v. Armstrong, supra*. In addition she occupies the home, of the value of about $40,000.00, which appellant conveyed to her many years ago. It is adequately furnished and equipped. Appellant has lived separately for about a year and at the time of the hearing was residing in a hotel. During the year he spent considerable time as a patient in a hospital, the expense of which is not in the record.

It appears that the income taxes which were about one-third of appellant's 1952 income were the result of a joint return with respondent, his wife, and may thereby have been of lesser amount and proportion than he will be subjected to living separately. We make no finding thereabout but suggest it as a further important consideration for the trial court in arriving at a proper amount of alimony *pendente lite*.

The order is affirmed in its holding that alimony *pendente lite* in a proper amount should be required to be paid by appellant to respondent; but the amount thereof is reversed and the matter is remanded to the Circuit Court for rehearing thereabout after notice and upon such factual showings as the parties, respectively, may make. In other words, the award of alimony *pendente lite* is approved and affirmed, but it shall be in such amount as the court may hereafter determine, in the light of the views herein expressed and after again hearing the parties; to the latter extent the order is modified.

Modified and remanded.

TAYLOR and OXNER, JJ., and J. ROBERT MARTIN, JR., Acting Associate Justice, concur.

BAKER, C. J., not participating.