20785

Oscar J. TAYLOR, Jr., Respondent-Appellant, v. Nancy C. TAYLOR, Appellant-Respondent.

(248 S. E. (2d) 315)

489

*Julius B. Aiken,* Greenville, *for appellant-respondent.*

*Leatherwood, Walker, Todd & Mann,* Greenville, *for respondent-appellant.*

October 19, 1978.

LEWIS, Chief Justice:

The parties are husband and wife and are now separated. They have two children, twin daughters nine years of age. While the husband had been contributing to the support of his wife and children, who occupy the family home, dispute arose as to the sufficiency of the support provided; and, to settle the matter, the husband brought this action to have the court determine his obligation, if any, to the wife for alimony and his obligation for the support of the children. After a hearing, the trial judge entered a final order granting custody of the children to the wife and determining the issues relative to alimony, child support, and counsel fees. An appeal by both parties was entered from that order, the wife challenging the adequacy of the award generally and the husband only as to the amount awarded for alimony and counsel fees.

Subsequently, the wife moved to modify the order previously issued, contending that the trial judge had erroneously failed to pass upon matters involving future support, includ-

ing provision for the anticipated future college educational needs of the children. This motion was denied and, in effect, left those issues for future determination in the light of the then existing facts. This appeal is from both the final order of the lower court and the subsequent order refusing to modify the previous determination.

Pertinent here, the orders under appeal require that the husband pay directly to the wife the sum of $1,125.21 each month and, in addition, provide mortgage payments on the residence; tuition for the children in private school; and life, hospital, and medical insurance premiums, in the aggregate, of approximately $414.79 monthly, making a total monthly payment for the benefit of the wife and children approximately $1,540.00. In addition, the husband was ordered to provide needed repairs to the residence in which the wife and children reside and to pay counsel fees for the wife's attorney in the amount of $2,000.00. The total monthly payments, directed to be paid directly or for the beneficial interest of the wife and children, were allocated one-fourth to each child and two-fourths to the wife.

The child support payments were ordered to continue until the child or children reach age eighteen (18), or should otherwise become emancipated. Questions concerning the validity of the provision for discontinuance of child support payments at age eighteen (18), admittedly, are in accord with our recent decision in *Cason v. Cason,* S. C., 247 S. E. (2d) 673, filed September 18, 1978.

While there are other incidental questions, the basic issues in this appeal concern the reasonableness of the amounts set by the lower court for the support of the wife and children and the amount awarded as counsel fees. The appeal of the husband, as above stated, is directed to the award for alimony and counsel fees.

It is well settled that, in determining the amount of support and counsel fees, the matter is one addressed to the trial court's discretion and, in the absence of

an abuse thereof, his decision will not be disturbed. *Beasley v. Beasley,* 264 S. C. 611, 216 S. E. (2d) 535.

We do not find the amounts ordered paid for the benefit of the wife and children to be inadequate, as contended by the wife, or excessive in the particulars urged by the husband. The husband has an annual income of over $53,000.00. According to the husband's financial statement, he has fixed obligations which substantially reduce his available income. The record amply supports the findings of the trial judge.

Neither do we find any basis to upset the award for counsel fees. While the issues were not unusually complicated, the fee is not so disproportionate to the work and responsibilities involved to justify our interference with the exercise of the discretion of the trial court.

We find no abuse of discretion in the amounts set for support and counsel fees and the judgment is affirmed in this respect.

The wife argues further that the trial judge should have required the husband to establish a trust fund to provide for a college education for the children. The trial judge properly refused to decide this question. The children are nine (9) years of age and there is no fact or circumstances in this record which would require the determination, at this time, of the liability, if any, of the husband to provide for the college education of his children.

Finally, the wife objects to the provision in the order of the lower court which, allegedly, lends itself to an interpretation that the marital home could be occupied by the wife only so long as the children reside with her. We find no such provision in the order under appeal; but point out that changed circumstances of the parties may necessitate a future change in the support provisions of the order, and the wife obtains no vested right to remain in the marital home for the balance of her life.

The argument that the issues were before the lower court for temporary disposition and that he erred in issuing a permanent order is without merit. Dispositive of this question is the statement in the order of the lower court that "counsel for the parties requested that I issue a final rather than a temporary order."

Judgment affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.