21002

Richard M. DENT, Respondent, v. Barbara Jean DENT, Appellant.

(256 S. E. (2d) 743)

*Dallas D. Ball and John K. Koon,* Columbia, *for appellant.*

*Jonathan R. Hendrix* and *James Q. Seigler,* Lexington, *for respondent.*

July 11, 1979.

LEWIS, Chief Justice:

This is a contest between respondent (husband) and appellant (wife), divorced parents, over the custody of the children of the marriage

The parties were married in 1970 and two children were born of the marriage, both daughters, Carrie (now seven) and Tracy (now four). As the result of an action by the wife, she was granted a divorce from her husband in 1975 on the ground of physical cruelty. The final Decree, in accordance with an agreement of the parties, granted custody of the children to the wife, with visitation rights to the husband, and required the husband to make child support payments of eighty ($80.00) dollars per week. The children have at all times remained in the custody of the wife, with support payments being made and visitation rights recognized.

In July 1977, the husband brought this action to obtain custody of the children on the ground that there had been a change in conditions affecting their welfare. After an evidentiary hearing, the trial judge ordered custody of the children transferred from the wife to the husband. The wife has appealed from that order. The order was based upon findings that the best interests of the children required that they be removed from the custody of the wife because she (1) had given birth in June 1977 to an illegitimate child who was presently living in the home with the wife and the two minor children here involved; (2) had engaged in sexual relationship with at least one other man; (3) is presently living in the home of her parents in inadequate accommodations; and (4) had lived in three different residences and had held at least four different jobs in the past two years, causing concern about the stability of the home environment in which the children are now living.

The issue of custody turns upon the foregoing findings of the lower court, which must be reviewed not in isolation but in the light of certain other findings and admitted facts.

The wife is employed and resides in the home of her parents, where she maintains the two children of the parties along with an illegitimate son born on June 1, 1977. The home of her parents has been enlarged to accommodate the wife and her three children by enclosing the carport to the home. A home study by a Case Worker revealed that the house is "spacious enough and put to good use. It's in very good repair and nicely furnished. There seems to be no problems in the physical environment. The house is also in a nice middle income neighborhood and near schools for the children."

Relative to the home situation in which the wife maintains the children, the Case Worker further stated: ". . ., it appears that the environment they are presently in is a good one and they do appear to be adjusted well to the situation as it is currently arranged. Unless it can be shown that mov-

ing the girls will benefit them, it seems such a disruption is unnecessary."

The husband has remarried and resides in his own home with his second wife and her two sons. Another Case Worker, who investigated the home of the husband, recommended that the husband and his second wife should receive custody of the children born to the marriage.

Much emphasis is placed in the record upon (1) the alleged sexual conduct of the wife with one man after her divorce and (2) the birth of the illegitimate child who is maintained by the wife in the home with the children of the parties to this action. However, the agreed Statement contains the following pertinent facts:

Evidence was presented that both parties afford regular and adequate religious training for the minor children. At the time of the hearing there was no indication that the presence of the new baby [the illegitimate] has caused any emotional or other problems for the minor children.

. . . . .

There was no finding that the appellant (wife) had physically neglected her children or that they were unhappy or emotionally unstable. It was found that appellant is a loving mother who has taken good care of her children, 'commendably' aided by her parents.

In so far as this record shows, the alleged sexual act of the wife was an isolated occurrence and her subsequent conduct is not indicative of moral laxity such as to affect the welfare of the children. Neither are we willing to brand the illegitimate child "as an untouchable outcast whose mere presence in his mother's home makes it an unfit place for her to rear her legitimate child(ren)." There is no evidence to support this view. See dissent in *Clark v. Clark,* 209 Va. 427, 164 S. E. (2d) 685.

We also have in this record the testimony of the pre-marital sexual conduct of the husband and his present wife and

the testimony concerning advances by the husband toward two fifteen-year-old girls, one the sister of appellant.

Respondent asserts as an additional sustaining ground that the wife was given psychiatric treatment about two (2) years ago and, therefore, lacks the stability necessary to properly care for the children. While there is some testimony concerning psychiatric treatment, the wife has been gainfully employed for some time and has been a good mother to the children. The temporary emotional distress suffered by the wife occurred about the time of her separation from the husband and there is nothing to indicate that it is of a permanent nature.

While we are always reluctant to interfere with the decision of the trial judge in matters affecting the custody of children, we are not convinced that the best interests of the children dictate removal of their custody from the mother. As is usually the case, perfection cannot be claimed by either party. If it later develops that the presence of the illegitimate in the home creates circumstances detrimental to the best interests of any of the children, the continuing jurisdiction of the court will afford the opportunity to reconsider the question of custody in the light of the facts existing at that time.

The foregoing conclusion renders consideration of other issues unnecessary.

The order granting custody to the husband is accordingly reversed and the cause is remanded to the lower court for the purpose of (1) entering an order granting custody of the children to the wife and (2) determining all other remaining issues in the case.

NESS, RHODES and GREGORY, JJ., and JOHN GRIMBALL, Acting Associate Justice, concur.