21183

Melinda R. COLE, Appellant, v. Eugene D. COLE, Respondent.

(265 S. E. (2d) 669)

*Joseph T. McElveen, Jr.,* of *Bryan, Bahnmuller, King, Goldman & McElveen,* Sumter, *for appellant.*

*Jan L. Warner* of *Weinberg, Warner, Brown & Mc-Dougall,* Sumter, *for respondent.*

April 2, 1980.

GREGORY, Justice:

Appellant Melinda R. Cole commenced this action for divorce on the grounds of physical cruelty and adultery in May of 1975. Respondent Eugene D. Cole answered and counterclaimed for divorce alleging habitual drunkenness and adultery on the part of appellant. Custody and related matters were also at issue. This protracted litigation culminated in a final decree of divorce dated June 21, 1978. We affirm in part and reverse in part.

By order dated May 13, 1975, Mrs. Cole was granted temporary care and custody of the four children,[1] awarded

---

[1] The older children, Kimberly, now 17, and Donald now 16, were born of Mrs. Cole's former marriage and adopted by Mr. Cole. The younger, Eugenia, now 9, and Angela, now 6, are the natural children of this marriage.

temporary support and all issues were referred to the master-in-equity. Some two and one-half years and four hearings later the master issued his report recommending that the court award, among other things, a divorce to Mr. Cole on the ground of adultery and the permanent custody of the four children to Mrs. Cole.

The Family Court heard the exceptions of both parties to the master's report, reviewed the transcript and exhibits, took further testimony and issued the final decree which:

(1) granted Mr. Cole a divorce on the ground of adultery;

(2) denied Mrs. Cole alimony;

(3) granted Mrs. Cole the continued custody of the two oldest children;

(4) granted Mr. Cole the custody of the two youngest children;

(5) awarded the marital residence to Mr. Cole.

(6) denied Mrs. Cole an equitable division of property accumulated during the marriage;

(7) awarded Mrs. Cole $200.00 per month per child in child support for the two oldest children; and

(8) awarded Mrs. Cole's counsel a fee of $3,000.00.

There is no appeal from those portions of the decree granting Mr. Cole a divorce and denying Mrs. Cole alimony. Appeal is taken by Mrs. Cole on the issue of custody of the two youngest children and the amount of child support awarded for the two oldest children. M r . Cole does not appeal the award of custody of the two oldest children to Mrs. Cole.

The matterrs of the marital residence and the denial of an equitable property division are also appealed by Mrs. Cole, however they come to this Court after the findings of the master were concurred in by the family

court judge. This being a matter in equity, the "two judge" rule applies. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976). Since the findings are not without evidentiary support or against the clear preponderance of the evidence, we affirm under our Rule 23. *Wilson v. Wilson,* 270 S. C. 216, 241 S. E. (2d) 566 (1978).

As to the issue of custody of the two youngest children, the master and the Family Court are in disagreement. This being a matter in equity, we must therefore consider the evidence and make an independent determination of this question. *Pullen v. Pullen,* 253 S. C. 123, 169 S. E. (2d) 376 (1969); *Townes Associates, Ltd., supra.*

That the best interest of the child subject to a custody dispute is the paramount and controlling consideration and the rule of the courts in this State needs no citation of authority. We are once again put to the "awesome task of looking into the past and predicting which of the two available environments will advance the best interest of the child[ren]." *Cook v. Cobb,* 271 S. C. 136, 142, 245 S. E. (2d) 612, 615 (1978). In our view, the two youngest children's best interest is served if they remain in the custody of their mother and at home with their older brother and sister where they have always been.

The lower court found that Mrs. Cole had dated several men in the three years since the parties separated, and disbelieved her denial of sexual relations and adulterous conduct. In short, Mrs. Cole's relationships with other men were found to be contrary to the interests of the children. Further bearing on the Family Court's decision to award Mr. Cole custody of the two youngest children is the fact that Mrs. Cole was hospitalized for the treatment of emotional problems before the parties separated, which led to an allegedly excessive intake of prescription drugs. How-

ever, these factors are important only to the extent they presently bear on the children's best interest.

The morality of a parent is a proper factor for consideration but is limited in its force to what relevancy it has, either directly or indirectly, to the welfare of the child. Custody of a child is not granted a party as a reward or withheld as a punishment.

*Davenport v. Davenport,* 265 S. C. 524, 527, 220 S. E. (2d) 228, 230 (1975).

While there is evidence of emotional disturbance and adulterous conduct on the part of Mrs. Cole, neither incapacitates her now insofar as her roles of mother and housekeeper are concerned. The Family Court would apparently agree as far as the best interest of the older children is concerned. We see no reason why Mrs. Cole cannot function equally as well in those roles with the younger children, as she has for the past several years.

The emotional problems are of the past, not the present, and substantially the result of her turbulent marital relationship with Mr. Cole. Mrs. Cole is now gainfully employed and provides the stable and comfortable home environment the children need. The evidence indicates the children are happy and well-adjusted in this environment. Evidence of past emotional disturbance is insufficient justification for removing the two youngest children from their lifelong family environment when there is conclusive evidence of recuperation and the present strength and stability of the mother.

Although we do not condone the alleged acts of sexual misconduct ascribed to Mrs. Cole, to punish all four children therefor by dividing custody and removing the younger ones from their now-accustomed environment free from the discord which existed during the marriage is no solution and contrary to the children's best interest, the

paramount consideration. *Mixson v. Mixson,* 253 S. C. 436, 171 S. E. (2d) 581 (1969). Whatever the extent of Mrs. Cole's moral lapse by way of post-separation adultery, the record does not support the finding of the lower court that the welfare of the children is adversely affected thereby. See *Davenport, supra; Dent v. Dent,* S. C., 256 S. E. (2d) 743 (1979).

There is also evidence Mrs. Cole is not a meticulous housekeeper; however, this is predictable and understandable with four active children at home. Furthermore, Mr. Cole's proposed arrangements for the care of the two youngest children are less satisfactory than the present arrangement.

Mr. Cole himself does not emerge from the voluminous record any less blemished than Mrs. Cole. His conduct with his oldest daughter prior to the separation is suspect and, like Mrs. Cole, he has not abstained from companionship with the opposite sex since the parties separated.

In light of our decision to reverse the order of the Family Court insofar as custody of the two youngest children is concerned, we remand for a determination of child support for the two youngest children.

Counsel for Mrs. Cole has also excepted to the finding of the Family Court that $3,000.00 is a reasonable fee for representing appellant in this action. From a review of the record and the voluminous testimony taken the contention has, at first, some appeal. A close scrutiny of the record, however, indicates this case was unnecessarily prolonged by counsel for both the wife and the husband. A substantial portion of the eleven hundred page record is irrelevant to the issues submitted to the court. Not only should counsel have shortened the proceeding, but the master should have used his discretion, notwithstanding a failure of objection, to limit the testimony to that truly relevant to the issues. Unneeded testimony is not only a burden to the litigants in the printing of the record, but is

unnecessarily time consuming to this court in reviewing the same. We find this exception to be without merit.

Affirmed in part; reversed in part and remanded.

NESS and RHODES, JJ., concur.

LEWIS, C. J., and LITTLEJOHN, JJ., dissent.

LITTLEJOHN, Justice (dissenting):

My dissent, with modifications and deletions, was submitted to the members of the court as a proposed majority opinion. Three members having taken the contrary view, my modified proposal is now submitted as my dissent and as my view of a proper determination of the issues.

The Coles are parents of four children. The older children, Kimberly, now 17, and Donald, now 16, were born of the wife's former marriage and adopted by the husband. The younger, Eugenia, now 9, and Angela, now 6, are the natural children of this marriage. The master in equity, to whom the issues were referred, recommended that custody of all four children be granted to the wife. The trial judge accepted the recommendation as it applied to the older children, but rejected the recommendation as it applied to the younger children, and ordered custody of them to the husband.

The significant findings of the lower court as relate to the issue of custody are found in its final order.

"6. That the Master's recommendation that Respondent [husband] be granted a complete and final divorce upon the grounds of adultery is substantiated by the record in each and every particular and should be confirmed. Additionally, the evidence presented to me on February 16, 1978, convinces me that the Petitioner [wife] has continued her adulterous conduct to the detriment of the children of this marriage as set forth hereinafter.

\* \* \*

"11. As to the issue of the custody of the four children of this marriage, the Master . . . found that: (a) the Petitioner had emotional problems; (b) the record substantiates the Petitioner's excessive intake of prescription drugs, her adulterous conduct with a number of men, and her refusal to keep the residence clean. . . . The Master pointed out that the issue of custody was never final and always subject to changes of condition, which statement is the law of this State. The Master found that the Respondent, a loving and caring father, has not 'tipped the scales, by the greater weight of the evidence, away from the Tender Years Doctrine as to the custody of the Youngest children.' The Master recommended substantial increases in visitation with the Respondent.

Upon reviewing the entire record and the February 16, 1978, testimony before me, I find the facts of this case, in fact, have more than tipped the scale away from the Tender Years Doctrine and dictate that the best interests of the two youngest children (Gina and Angie) are not being served by remaining in the Petitioner's custody. The Tender Years Doctrine may have been somewhat diluted by our Court (*Jones v. Ard,* 265 S. C. 423, 219 S. E. (2d) 358 (1975)); however, from the facts of this case, the best interests of these two children demand that their custody be transferred to Respondent. I specifically find that the evidence before the Master, as coupled with the evidence and testimony taken before me, reflects that the Respondent is a loving and caring father and that despite his lack of contact with the youngest children based upon the temporary Order of this Court, the seven year old child desires to reside with her father. From the demeanor and appearance of the Respondent, I find that he is well capable of taking care of these children and this fact is replete within the record, especially when the Petitioner was hospitalized for her emotional problems. Respondent has a suitable plan for custody and I find that he will make conscientious efforts to maintain these

children. I find that in addition to the facts set forth hereinabove, the children's best interests will be served by allowing them to remain at 750 Henderson [the marital residence] with the Respondent. I find that the Respondent will be assisted, if necessary, by Margaret McGee who has known these children for some period of time and is especially interested in these children. I find the Petitioner's relationships with a number of men to be unrepentant, reprehensible, and also contrary to the interests of the children. Petitioner attempted to avail herself of the protection of the Fifth Amendment concerning her alleged adulterous conduct at the hearings before the Master. Some of her questioned activity at this time was with Mr. Vedas. Petitioner denied any adulterous relationship at hearing before me on February 16, 1978. Based upon the credibility factor, I do not believe the Petitioner's denial of sexual relations in the residence where the children are located and elsewhere, and I find that she left the children on a number of occasions to go on dates to satiate her carnal desires. I therefore find, based upon all the evidence in this case, that the permanent custody of the two younger children, namely, Melinda Eugenia, and Angela Marie Cole, should be granted to the Respondent subject to reasonable rights of visitation with the Petitioner."

As noted in the court's order, the wife was hospitalized in 1974 suffering from severe emotional problems. During that hospitalization she received electroconvulsive therapy and was diagnosed as having a depressive neurosis and an hysterical personality. Testimony of her psychiatrist indicated that "she would function better in a semi-structured situation where her responsibilities and duties were clearly delineated to her." The same psychiatrist found the husband to be "an interested and sincere individual" who was exasperated with his wife because he didn't know how to cope with her problems. This evidence is relevant on the custody matter.

After a thorough examination of the entire record, I am of the opinion that the trial judge made a proper determination based upon the best interests of the younger children as articulated in his order, and I would affirm his ruling.

LEWIS, C. J., concurs.