21210

Elias ARMALY, Respondent, v. Ilham ARMALY, Appellant.

(266 S. E. (2d) 68)

*James C. Parham, Jr.,* of *Wyche, Burgess, Freeman & Parham,* Greenville, *for appellant.*

*Charles E. Howard,* of *Griffin & Howard,* Greenville, *for respondent.*

April 29, 1980.

HARWELL, Justice:

This is an action for divorce on the grounds of physical cruelty. The primary issue is the denial by the trial court of appellant's motion for temporary separate maintenance and support and attorney's fees *pendente lite.* We affirm.

Respondent, Elias Armaly had resided in Greenville since 1975. In May of 1977 appellant, Ilham Armaly came to this country and they were married residing in respondent's parents home. By mid-September of 1977, the relations between the parties had deteriorated to the point that respondent had a divorce summons and complaint prepared and served on appellant by respondent's attorney in his office on October 15, 1977. Respondent afterwards accompanied appellant to New York where he placed her on a plane to Israel. She has been in Israel since October 21, 1977.

Appellant filed a general denial on November 3, 1977. An amended answer and counter-claim seeking separate maintenance and support, attorney's fees, expenses for return to this country and temporary maintenance and support and attorney's fees *pendente lite* was filed with a motion seeking an order for the interim relief. The trial judge denied appellant's request for temporary separate maintenance and sup-

port and attorney's fees *pendente lite,* but did order respondent to pay for his wife's one-way travel expenses from Israel to the United States for the trial of this matter. The judge's denial of the bulk of the relief sought was based on his finding that no testimony was presented to substantiate the claim for relief. In addition, the judge ordered that a final hearing on the merits be held within two days of appellant's return to this country.

The allowance of temporary separate maintenance and support, or temporary alimony, and attorney's fees *pendente lite* is a matter largely addressed to the discretion of the trial judge. His ruling will not be disturbed on appeal unless the appellant can show abuse of discretion. *Peay v. Peay,* 260 S. C. 502, 197 S. E. (2d) 89 (1973) ; *Simonds v. Simonds,* 225 S. C. 211, 81 S. E. (2d) 344 (1954). We have reviewed the entire record in this case and conclude that there was no abuse of discretion.

The law as relates to temporary alimony and attorney's fees *pendente lite* has undergone substantial change since *Orr v. Orr,* 440 U. S. 268, 99 S. Ct. 1102, 59 L. Ed. 2d 306 (1979). Prior to this decision, South Carolina long followed the privileged suitor doctrine whereby the wife only was considered for alimony and attorney's fees relief. *Smith v. Smith,* 51 S. C. 379, 29 S. E. 227 (1898) ; *Armstrong v. Armstrong,* 185 S. C. 518, 194 S. E. 640 (1938) ; *Jeffords v. Jeffords,* 216 S. C. 451, 58 S. E. (2d) 731 (1950) ; *Poliakoff v. Poliakoff,* 221 S. C. 391, 70 S. E. (2d) 625 (1952) ; *Simonds v. Simonds,* 225 S. C. 211, 81 S. E. (2d) 344 (1954).

In 1949, 46 S. C. Statutes at Large, Act 137 was enacted which adopted the rule already crystalized in prior decisions :

In every action for divorce from the bonds of matrimony, the wife, whether she be plaintiff or defendant, may in her complaint or answer or by petition pray for the allowance to her of alimony and suit money, and for the allowance of

such alimony and suit money *pendente lite;* and if such claim appear well founded the court shall allow a reasonable sum therefor.

With some grammatical changes Act 137 was codified as Section 20-122, S. C. Code Ann. (1952). (Now § 20-3-120, S. C. Code Ann. [1976]).

The United States Supreme Court in *Orr v. Orr, supra,* struck down an Alabama statutory scheme imposing alimony obligations on husbands but not wives as violative of the Equal Protection Clause of the Fourteenth Amendment. The South Carolina Legislature then amended Section 20-3-120, S. C. Code Ann. (1976) to read as follows:

In every divorce action from the bonds of matrimony either party may in his or her complaint or answer or by petition pray for the allowance to him or her of alimony and suit money and for the allowance of such alimony and suit money *pendente lite.* If such claim shall appear well-founded the court shall allow a reasonable sum therefor.

The effect of this statute is to supersede our prior privileged suitor doctrine by making the alimony and suit money relief available to either of the parties.

Under the prior law, where the husband sued the wife for divorce and the only showing before the court was his verified complaint and a verified answer by the wife denying the grounds for divorce and showing that she was without funds to defend the suit or maintain herself during the pendency of the action, a *prima facie* case would be made for the allowance of temporary alimony and counsel fees. However, if the denial appeared not to have been made in good faith then the relief would be denied. *Poliakoff v. Poliakoff, supra.* Moreover, the court had a continuing power in this area and could, on petition of either party, increase or reduce the amount awarded as the circumstances might require. *Armstrong v. Armstrong, supra;*

*Knight v. Knight,* 211 S. C. 25, 43 S. E. (2d) 610 (1947). These principles remain effective; they are changed only by the expansion which allows the husband the same rights.

The judge in this case faced special difficulties in resolving the equities involved. Appellant returned to her family in Israel in October of 1977 and what her needs may be there are the subject of speculation only. No children were born of this union. Before appellant came to this country she was gainfully employed as a school teacher. Whether she returned to her profession is not clear from the record. Respondent's deposition indicates that he makes $5.33 per hour and also is a part-time student.

Whether she now gets the relief requested and, if so, the amount awarded are matters left to the sound discretion of the trial judge. Given the circumstances here we fail to see any abuse of the trial judge's discretion. Respondent must pay appellant's return to this country. A hearing on the merits of the divorce then follows within two days. When appellant returns she can seek to establish her entitlement to separate support and maintenance from the date of separation along with attorney's fees and any other relief she may be entitled to.

Affirmed.

LITTLEJOHN, J., concurs.

LEWIS, C. J., and NESS and GREGORY, JJ., concur in result only.