21613

Robert C. CUDD, Respondent, v. Rebecca J. Cudd ARLINE, Appellant.

(285 S. E. (2d) 881)

*Archibald W. Black,* of *Long, Black & Gaston,* Greenville, *for appellant.*

*Law Offices* of *Perry Swofford,* Spartanburg, *for respondent.*

December 15, 1981.

HARWELL, Justice:

This appeal is taken from a Family Court order which denied the appellant's request for an increase in child support payments. We remand to the Family Court.

The appellant, Rebecca Cudd and respondent, Robert C. Cudd, were divorced on March 14, 1974, with custody of the two minor children in appellant. The divorce decree directed the respondent to pay Thirty ($30.00) Dollars a week child support and Eighteen ($18.00) Dollars a month health insurance premiums for the children. Appellant and respondent have each remarried. Appellant and the two children now reside in Texas.

Respondent commenced this action on October 23, 1978, by petitioning for custody of the children. Alternatively, he

asked for a definite plan of transportation and visitation with the children. Appellant filed an answer denying the relief asked for by the respondent and counterclaimed seeking (1) that the respondent make all child support payments directly to the Family Court; (2) an increase in child support; (3) payment of all the children's medical and dental bills; (4) that respondent be ordered to pay insurance premiums by their due dates; (5) that appellant be awarded attorney's fees; and (6) that respondent be required to pay for the children's transportation from Texas to South Carolina during visitation.

On February 8, 1979, the Family Court ordered (1) that appellant retain custody of the children; (2) that child support payments not be increased; (3) that respondent pay Eighteen ($18.00) Dollars per month for the children's health insurance in lieu of their medical and dental expenses; (4) that the respondent should have visitation with the children three weeks in the summer and one week each Christmas, with appellant and respondent splitting the transportation costs; and (5) that the appellant be awarded One Hundred Fifty ($150.00) Dollars partial attorney's fees.

Upon review of the record and order, we, 272 S. E. (2d) 173, remanded the matter to Family Court for compliance with Family Court Rule 27(3) to have it set forth the factual findings upon which its order was granted. On December 19, 1980, the Family Court issued a revised order containing the salient facts.

Appellant alleges several errors in the Family Court's revised order. First, appellant argues that the Family Court erred in not increasing child support payments. In determining the amount of child support, two crucial factors are the parents' ability to pay and the children's needs. *Stevenson v. Stevenson*, S. C. 279 S. E. (2d) 616 (1981); *Young v. Young*, 254 S. C. 498, 176 S. E. (2d) 156 (1970). Because neither party complied with Family Court Rule 19, the record before us is void of any evidence of either factor. Therefore, we remand to have the parties file financial declarations as required. In addition to increased child support payments, appellant specifically alleges that respondent should

pay for the children's past and future orthodontist bills. However, appellant presented no evidence of the children's dental needs. On remand, the children's medical and dental needs should be determined so far as possible.

We conclude that the child support award is inadequate. We are cognizant of our previous rulings that the amount of the child support award is within the sound discretion of the Family Court judge and will not be disturbed on appeal absent an abuse of discretion. *Smith v. Smith*, 264 S. C. 624, 216 S. E. (2d) 541 (1975); *Lee v. Lee*, 237 S. C. 532, 118 S. E. (2d) 171, 175 (1961). However, based upon the findings made by the Family Court without the assistance of financial declarations, we find an abuse of discretion. Respondent earns approximately $1400 a month; appellant earns $760 a month. Thirty ($30.00) Dollars a week for support of two children is obviously inadequate where the noncustodial parent's income is almost twice that of the custodial parent. On remand the Family Court should consider all the surrounding circumstances to determine the increased amount of child support.

Appellant alleges that the Family Court erred in failing to order the respondent to pay all the travel expenses of the minor children during periods of visitation. Also, appellant argues that the respondent should not be allowed to choose the three weeks of his visitation. The determination of visitation is addressed to the broad discretion of the trial judge and in the absence of a clear abuse, the order granting the visitation rights will not be disturbed. *King v. Gardner*, 274 S. C. 493, 265 S. E. (2d) 260 (1980); *McGregor v. McGregor*, 255 S. C. 179, 177 S. E. (2d) 599 (1970). We find no abuse of discretion.

Finally, appellant contends that her award of One Hundred Fifty ($150.00) Dollars partial attorney's fees is inadequate. Although the respondent filed the petition in this case, it was appellant who precipitated the action by moving the children to Texas without notifying the respondent. The Family Court concluded that because the appellant asked for equity without doing equity, she was not

entitled to full attorney's fees. Attorney's fees are generally discretionary with the trial judge. *Mays v. Mays,* 267 S. C. 490, 229 S. E. (2d) 725 (1970). There is nothing in the record to indicate an abuse of discretion.

Appellant's other contentions are without merit and are disposed of under Rule 23.

Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.