0043

Virginia Lee FRANK, Respondent, v. William E. SOULSBY, Appellant. In re Casey Andrew SOULSBY, a minor child.

(311 S. E. (2d) 740)

Court of Appeals

*Curtis E. Elmore*, Greenville, *for appellant.*

*Thomas L. Bruce*, Greenville, *for respondent.*

January 16, 1984.

SANDERS, Chief Judge:

This is an appeal by the father of a minor child from an order of the Family Court granting custody to the child's mother. We affirm.

The mother and father are adoptive parents of the child, a boy age five at the time of the hearing. The father is the natural maternal grandfather of the child and adopted him in May 1979. The mother and father were married in August 1979, and the mother also adopted the child the following October. The parties were divorced in November 1979. In September 1980, the mother was granted custody of the child by a consent order. However, this order was set aside in April

1981, and a hearing *de novo* on the issue of custody was held that June. As a result of this hearing, custody was awarded to the mother.

The evidence upon which this order was based may be summarized as follows:

There was testimony presented by the father that the mother had an unstable personality. She had been married six times to five different people and often changed her residence. The father had a more stable personality and was previously married for 28 years, during which time he provided for seven other children. He testified he had arranged for child care for his adoptive son during work hours.

The mother, on the other hand, testified that when she first saw the child he was dirty and was still wearing diapers and drinking from a baby bottle at age 2½. He could not talk and his teeth were "green" from neglect, as confirmed by a dentist. When the child was left with the father, he would lose weight and become dirty and extremely nervous. Since the child has lived with the mother, she has attended to his health and educational needs, and he has formed a brotherly relationship with the mother's other minor son. When the father married the mother, he continued at times to live with his previous wife, had four different residences in one year, and lost or gave up three different jobs.

There was evidence both parties had, on occasion, smoked marijuana in the presence of the mother's other minor child. The father claimed the mother allowed this child to smoke marijuana himself, although the mother denied this. The father admitted that at times he provided the mother with money to buy marijuana and other drugs. Both parties claim the child acquired hair lice while in the custody of the other.

The father also testified concerning fraudulent inducement by the mother to gain his consent for her to have custody. These allegations resulted in the consent order being set aside. In this connection, the father claimed he consented to the mother's having custody because he was led to believe she would come back to him. He admitted he stopped paying child support to the mother after "she told me we were not going to get back together." More importantly, the father admitted the mother was taking good care of the child.

The sole question presented by the father is whether the trial judge abused his discretion in awarding custody to the mother. This being an equity proceeding tried by the trial judge alone, we may determine the issues in keeping with our own view of the preponderance of the evidence. *Barden v. Barden,* 278 S. C. 672, 301 S. E. (2d) 141 (1983). However, we are not required to ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility. *Lee v. Lee,* 237 S. C. 532, 118 S. E. (2d) 171 (1961).

The paramount and controlling consideration in a child custody case is the best interest of the child. *Cole v. Cole,* 274 S. C. 449, 265 S. E. (2d) 669 (1980); S. C. Code Ann. § 20-3-160 (Supp. 1982). It appears that neither the mother nor the father here are exemplary parents. We particularly condemn their use of marijuana, especially together with the mother's minor child (even though this was not the same child who is the subject of this action). Both parties claim to have now reformed and to no longer engage in such contemptible behavior. We certainly hope so, because any further evidence of this type behavior in the future could very well result in custody being taken from both parents.

However, considering the record before us as a whole, we find that as between the father and mother, the evidence is adequate to support the award of custody to the mother. There is a clear inference from the father's testimony that he used the child to attempt to get the mother to resume their marriage. He admitted he did not support the child after the mother refused to reconcile. Of even greater importance is evidence that the mother is giving the child better care than he was receiving from the father and the father's concession that she is taking good care of the child.

Finally, we are influenced by the fact that the trial judge had the opportunity to personally observe these parties and was in the better position to appraise their character.

For these reasons, the order of the Family Court is

Affirmed.

GARDNER and BELL, JJ., concur.