2530

Joyce B. ANDERSON, f/k/a Joyce Anderson Tolbert, Respondent v.
Edwin Elliott TOLBERT, Sr., Appellant.

(473 S.E. (2d) 456)

Court of Appeals

---

alibi defense. Alibi is not involved in this case. Accordingly, Rule 5(d)(2) is applicable in this instance.

*Gilbert Scott Bagnell* and *Howard S. Sheftman*, both of *Finkel, Goldberg, Sheftman & Altman*, Columbia, *for appellant*.

*J. Michael Taylor* and *Harvey L. Golden*, both of *Golden, Taylor & Potterfield*; and *Ken H. Lester*, Columbia, *for respondent*.

Heard Feb. 8, 1996.

Decided July 1, 1996.

*Per Curiam:*

In this domestic action, Edwin Elliott Tolbert (husband) appeals from the family court's award of attorney fees to Joyce B. Anderson Tolbert (wife). We reverse and remand.

The wife commenced this action against the husband in October 1992, seeking separate maintenance, child custody, child support, alimony, equitable division, and attorney fees. The husband answered and counterclaimed for an equitable division and attorney fees. There were numerous hearings held and orders entered.

These proceedings followed a rather routine, although tortured path. Between 1992 and 1994, several court orders resulted from hearings held at the insistence of both parties. Issues addressed during these hearings included visitation, counseling, psychological evaluation, property division, and the enforcement of court orders. All of the issues were resolved by consent after very little testimony was taken. In January 1994, the wife moved to bifurcate the proceedings and was granted a divorce, reserving the remaining issues for a final hearing. A final hearing was held on May 9 and 10, 1994. The hearing was concluded when the parties reached an agreement as to all issues except the determination of attorney fees and costs, which was reserved for a later hearing.

Before the attorney fees and costs issues could be resolved, the husband moved for a reduction in child support and for increased visitation with his children. Both requests were denied. Also, the court held the husband in contempt pursuant to three separate orders for failure to pay child support and guardian ad litem fees.

A hearing was held on attorney fees and costs on October 18 and 19, 1994. The wife's attorneys requested an award of $48,150 plus costs of $905.40. The court ordered the husband to pay $35,000 to the wife toward the total bill.

Ordinarily, unless otherwise provided for by contract or statute, the responsibility of paying attorney fees falls upon the party contracting for the services. *Blumberg v. Nealco, Inc.*, 310 S.C. 492, 427 S.E. (2d) 659 (1993). At common law, a spouse had no right to recover attorney fees from an adversary spouse. *Collins v. Collins*, 239 S.C. 170, 122 S.E. (2d) 1 (1961); *Brunner v. Brunner*, 296 S.C. 60, 370 S.E. (2d) 614 (Ct. App. 1988). In this state, S.C. Code Ann.

§§ 20-3-120 through 20-3-140 (1985 & Supp. 1995) provide for statutory entitlement to attorney fees from an adversary spouse in domestic litigation. In this connection, S.C. Code Ann. § 20-3-145 (1985) mandates that an award of attorney fees shall constitute a lien on the property of the person ordered to pay the fee. The fact that attorney fees and costs are provided for in the same statutory sections as alimony is not mere coincidence. The American legal system's practice of imposing a duty on a husband to pay his wife's attorney fees in marital litigation rests solely on the husband's duty to provide necessary support for his wife and children. Homer H. Clark, Jr., *The Law of Domestic Relations in the United States* § 17.2 (2d ed. 1987). Matrimonial litigation statutes require the husband to pay the wife's attorney fees for reasons similar to those underlying temporary alimony. *Id.* Historically, the prevailing view was that when a wife became involved in litigation, legal services were as necessary an element of her support as food and lodging. *Id.* It was not until *Orr v. Orr*, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed. (2d) 306 (1979) was decided that this obligation was made to apply to both spouses in order to satisfy the demands of the Fourteenth Amendment's Equal Protection Clause. *See Armaly v. Armaly*, 274 S.C. 560, 266 S.E. (2d) 68 (1980).

■ Here, the wife chose to employ two attorneys, one of whom billed at the rate of $300.00 per hour and the other at the rated of $200.00 per hour. The attorneys also made extensive use of paralegal services and billed $50.00 per hour for those services. A review of the record reveals no issues that we consider complex. Nevertheless, the firm expended 163.30 attorney hours and 173.39 paralegal hours.

■ Normally, we would not, nor should we, question the judgment of an attorney in determining how much time is necessary to provide quality representation to his client. Nor would we normally question the wisdom of the client in agreeing to pay an unusually high hourly rate to more than one lawyer. However, we feel compelled to closely evaluate the services rendered in this case because they appear to be disproportionate to the issues litigated and because the law impresses a lien on the property of the husband to insure payment of those fees. *Cf. Taylor v. Taylor*, 271 S.C. 488, 248 S.E. (2d) 315 (1978) (court will review an award that is so dispro-

portionate to the service rendered and responsibilities involved to justify an inference the court abused its discretion). Thus, we review the record based on our own view of the preponderance of the evidence for an abuse of discretion. *See Mitchell v. Mitchell*, 283 S.C. 87, 320 S.E. (2d) 706 (1984) (a domestic action is a matter in equity in which this court's scope of review extends to the finding of facts based on our own view of the preponderance of the evidence).

The appellate courts of this state have not been careful ■■ to separate the question of entitlement to attorney fees from the question of determining the appropriateness of the amount of the award. However, S.C. Code Ann. § 20-3-120 (1985) makes it clear that in order for a spouse to be entitled to suit money, the claim must be "well founded." The burden of proving that a claim is well founded is on the party seeking suit money. *Darden v. Witham*, 263 S.C. 183, 209 S.E. (2d) 42 (1974); (*overruled in part on other grounds by Glasscock v. Glasscock*, 304 S.C. 158, 403 S.E. (2d) 313 (1991); *Gainey v. Gainey*, 279 S.C. 68, 301 S.E. (2d) 763 (1983). Although no case sets forth a clear test for when a claim for attorney fees should be deemed well founded, several cases are demonstrative of how the appellate courts of this state have dealt with that determination. In *Nienow v. Nienow*, 268 S.C. 161, 232 S.E. (2d) 504 (1977), our Supreme Court determined the wife's claim for attorney fees was well founded when requiring her to pay her attorney would have decreased her standard of living and the husband had greater means than she to pay the fees. Likewise, in *Lowe v. Lowe*, 256 S.C. 243, 247, 182 S.E. (2d) 75, 77 (1971), the Court found the wife's claim well founded, particularly in light of the disparity between the parties' financial circumstances. The Court stated "it was inferable [the wife] could pay her attorney only at the expense of decreasing her standard of living at least temporarily." *Id. But see Reid v. Reid*, 280 S.C. 367, 377, 312 S.E. (2d) 724, 729 (Ct. App. 1984) (court found the wife's claim to suit money was "well founded" irrespective of "whether she be financially able to pay her own attorney or not.") (quoting *Darden v. Witham*, 263 S.C. 183, 191, 209 S.E. (2d) 42, 45 (1974). The fact that a spouse is gainfully employed does not, standing alone, deprive her of a right to an award. *Bond v. Bond*, 252 S.C. 363, 166 S.E. (2d) 302 (1969); *cf. Murdock v.*

*Murdock*, 243 S.C. 218, 133 S.E. (2d) 323 (1963).

On the other hand, out Supreme Court has determined a wife's claim for attorney fees was unfounded where the litigation she instituted was unnecessary or baseless. *Edwards v. Harris*, 279 S.C 189, 304 S.E. (2d) 638 (1983); *Edens v. Edens*, 273 S.C. 303, 255 S.E. (2d) 856 (1979). In *Miller v. Miller*, 280 S.C. 314, 313 S.E. (2d) 288 (1984), the Court held a wife's mere assertion that she had no funds with which to pay her attorney was insufficient justification for an award of attorney fees. *See also Alliegro v. Alliegro*, 287 S.C. 154, 337 S.E. (2d) 252 (Ct. App. 1985). Also, the Court has found a wife was not entitled to an award of attorney fees where she had savings, received a cash disbursement in equitable distribution, and was denied alimony. *E.D.M. v. T.A.M.*, 307 S.C. 471, 415 S.E. (2d) 812 (1992). Further, in *Peirson v. Calhoun*, 308 S.C. 246, 417 S.E. (2d) 604 (Ct. App. 1992), this court held the trial court did not abuse its discretion in disallowing the wife attorney fees where she had substantially more available cash than the husband from which to pay an attorney. We have also held that no abuse of discretion occurred in a disallowance of fees to the wife where the facts demonstrated she had considerable earning potential and she was awarded substantial assets in the divorce decree. *Courie v. Courie*, 288 S.C. 163, 341 S.E. (2d) 646 (Ct. App. 1986). Finally, in *Jeffords v. Jeffords*, 216 S.C. 451, 58 S.E. (2d) 731 (1950), the Court made a distinction between entitlement to suit money pendente lite and the award of suit money after a merit determination.

In *Glasscock v. Glasscock*, 304 S.C. 158, 403 S.E. (2d) 313 (1991), the Supreme Court explained contingency of the fee as one of the factors to be considered in awarding attorney fees, and broadly referred to it as "contingency of compensation."[1] Other factors to be considered within this category include the abilities of the parties to pay, their respective financial conditions, and the effect of attorney fees on each party's standard of living. In *E.D.M. v. T.A.M.*, in what appears to be an effort to bring some closure to the

---

[1] In the present case, one of the wife's attorneys testified the firm increased fees in response to the *Glasscock* case, particularly in light of the *Glasscock* requirement that a showing of beneficial results be obtained. We cannot conclude it was the Supreme Court's intent in deciding *Glasscock* to encourage an increase in attorney fees in domestic cases.

question of when to award attorney fees, our Supreme Court stated:

> Finally, Husband contests the award of attorney's fees to Wife. In determining whether an attorney's fee should be awarded, the following factors should be considered:
> (1) the party's ability to pay his/her own attorney's fee;
> (2) beneficial results obtained by the attorney;
> (3) the parties' respective financial conditions;
> (4) effect of the attorney's fee on each party's standard of living.

307 S.C. 471, 476-477, 415 S.E. (2d) 812, 816. *Accord Sexton v. Sexton,* 310 S.C. 501, 427 S.E. (2d) 665 (1993); *Wingate v. Wingate,* 305 S.C. 368, 409 S.E. (2d) 346 (1991); *Cannon v. Cannon,* — S.C. —, 467 S.C. (2d) 132 (Ct. App. 1996).

A thorough review of the record in this case convinces us the wife has not met her burden of showing her entitlement to attorney fees in the amount awarded by the trial court.[2] It is manifest that the wife was in a sounder financial position than the husband. The beneficial results obtained by her counsel are not altogether clear inasmuch as all issues were settled by agreement. Moreover, a prior offer made by the husband to the wife to settle the property claims was substantially similar to the final property agreement. While the net worth of each of the parties was negligible, the wife earned $50,000 per year compared to the husband's $35,000 per year. The husband could barely meet the incidental expenses of the litigation. The wife, evidencing her financial security, waived all claim to any alimony. While it is doubtful that either party will be able to pay their own attorney fees, it is clear that the wife is in a much better position to do so than the husband.

While we would not ordinarily be inclined to approve an award of attorney fees to the wife under the facts of this case and in light of the factors stated in *E.D.M. v. T.A.M.*, the case before us presents the added dimension of an uncooperative husband who did much to prolong and hamper a final resolution of the issues in this case. An adversary spouse should not be rewarded for such conduct. We are par-

---

[2] The effect of this decision is to hold that the wife has shown only that a portion of the award is well founded.

ticularly concerned with those times the wife was required to seek court orders to protect the interests of the children and to obtain sanctions against the husband for violating court orders. Clearly, the husband's conduct either precipitated several of the hearings or prolonged the proceedings. *See Cudd v. Arline*, 277 S.C. 236, 285 S.E. (2d) 881 (1981) (where wife's claim for greater attorney fees was rejected because she precipitated the litigation); *see also Donahue v. Donahue*, 299 S.C. 353, 384 S.E. (2d) 741 (1989) (holding husband's "lack of cooperation . . . serves as an additional basis for the award of attorney's fees"); *Cole v. Cole*, 274 S.C. 449, 265 S.E. (2d) 669 (1980) (Supreme Court refused to increase wife's attorney fee on appeal finding her attorney contributed in unnecessarily prolonging the case); and *Johnson v. Johnson*, 296 S.C. 289, 372 S.E. (2d) 107 (Ct. App. 1988) (citing husband's lack of cooperation in discovery as basis for increasing wife's attorney fee award on appeal). In equity, the husband should be required to pay the wife's attorney fees incurred in attending to these matters. *Cudd*, 277 S.C. 236, 285 S.E. (2d) 881.

Accordingly, the order of the family court is reversed and the case is remanded for an award to the wife of reasonable attorney fees for her representation at proceedings she brought to enforce valid court orders where she was the prevailing party and for which the court has not already ordered the payment of a reasonable fee by the husband. Additionally, the trial court shall award attorney fees to the wife for her representation at emergency hearings designed to protect her and the children where she was the prevailing party and for which the court has not already ordered the payment of a reasonable fee by the husband. The intent of this ruling is to require the husband to reimburse the wife for attorney fees she incurred due solely to his uncooperative, unreasonable, and contumacious conduct.

Accordingly, the order of the family court is

Reversed and remanded.

HOWELL, C.J., and CURETON and CONNOR, JJ., concur.